JAMES PARKER *vs.* CHARLES C. MOULTON.

False representations as to the condition, situation and value of real estate, knowingly
made by the vendor to the purchaser, are not actionable, unless the purchaser has been
fraudulently induced to forbear inquiry as to their truth; and, in such case, the means by
which he has been thus induced to forbear inquiry must be specifically set forth in the
declaration.

COLT, J. This is an action of tort. The defendant demurs to
the declaration, which, in the first count, alleges in substance
that the defendant, intending to defraud the plaintiff, represented
that he owned a dwelling-house, in good repair and well finished,
upon a lot of land in Somerville, of the value of $2000, with sev-
eral other lots of level land in Melrose, near the railroad station,
each of the value of $200; that the plaintiff had no opportunity
to see these lots, but relying on the representations of the defend-
ant, agreed to exchange certain real estate he owned in Canada
for the defendant's land in Somerville and Melrose, and to pay
him a sum of money secured by note and mortgage on the Som-
erville property; that he delivered to the defendant a deed of
the Canada land, and left with a third party the note and mort-
gage, to be delivered when the deed of the Melrose property was
delivered to him by the defendant. It is then alleged that the
defendant fraudulently obtained the plaintiff's note and mort-
gage, without giving or offering to give any deed of the Melrose
property, and concludes by charging that all the representations
as to the condition and finish of the dwelling-house in Somerville,

and as to the character and situation of the Melrose property and the value of the several lots, were false and fraudulent.

The second count contains no material allegations in addition to those in the first count, except that it is alleged that the plaintiff was prevented by the defendant's artifice from making an examination of the Somerville and Melrose property.

The cause of action thus set forth must be treated as an action on the case for deceit, founded upon false affirmations respecting real estate of which the defendant was the seller. The affirmations here set forth as between buyer and seller, it has been repeatedly decided, will not support an action, although the defendant knew them to be false when made. They concern the value of the land or its condition and adaptation to particular uses, which are only matters of opinion and estimate, as to which men may differ. To such representations the maxim *caveat emptor* applies. The buyer is not excused from an examination, unless he be fraudulently induced to forbear inquiries which he would otherwise have made. If fraud of this latter description is relied on as an additional ground of action, it must be specifically set forth in the declaration, and cannot be charged in general terms only. *Gordon* v. *Parmelee*, 2 Allen, 212. *Brown* v. *Castles*, 11 Cush. 348. *Veasey* v. *Doton*, 3 Allen, 380.

It is not attempted to support this declaration on the ground of fraud, practised in preventing the plaintiff from testing the truth of the defendant's affirmations.

The fraud of the defendant, in obtaining the notes and mortgage on the Somerville property, was plainly not intended by the pleader to be alleged as constituting a cause of action. The acts by which it was accomplished are not set forth, and the damages claimed are not attributed to it.

*Judgment for the defendant.*

*G. A. Somerby & B. C. Moulton*, for the defendant.

*W. A. Field & J. D. Fallon*, for the plaintiff.