JOHN BELCHER *vs.* JOHN F. COSTELLO.

Suffolk. Nov. 15, 1876. — March 6, 1877. AMES & LORD, JJ., absent.

In an action for deceit, it appeared that the plaintiff had received, as collateral security for a balance due upon goods sold by him to the defendant, certain notes of third persons, and also a mortgage note, in which the defendant was named as payee, as collateral security for the same, but the mortgage was not assigned or the mortgage note indorsed. The plaintiff offered evidence that the defendant represented that the land covered by the mortgage had been sold by a third person for a certain sum, which representation was false and fraudulent. *Held*, that the evidence was admissible ; and that the fact that the mortgage note was not indorsed or the mortgage assigned was immaterial.

In an action for deceit, it appeared that the defendant falsely represented that the makers of certain notes, taken by the plaintiff as collateral security, were good. *Held*, that the Gen. Sts. *c.* 105, § 4, providing that a representation concerning the credit of any other person must be in writing, did not apply. *Held, also,* that it was erroneous to instruct the jury, that if the defendant "intended to represent and give the plaintiff to understand that the makers of the notes were in good pecuniary circumstances, and able to pay them, such a representation would be of a fact, and, if false and fraudulent, would be actionable."

TORT for deceit. At the trial in the Superior Court, before *Pitman,* J., the jury found for the plaintiff ; and the defendant alleged exceptions, which, so far as material, appear in the opinion.

*A. A. Ranney,* (*H. E. Swasey* with him,) for the defendant.

*G. E. Smith,* for the plaintiff.

ENDICOTT, J. The defendant, having bought merchandise of the plaintiff, and paid a portion of the purchase money in cash, gave as collateral security for the balance certain notes of third persons, one of which was secured by a mortgage of real estate. The plaintiff offered evidence that the defendant represented that the notes and the persons who made them were good, and that the land covered by the mortgage had been sold for $2600. It appears in the papers that this alleged sale was made by one Lowell to Currier, and that Currier gave back

to Lowell the mortgage in question, which was afterwards as-
signed to the defendant.  The statement was not in regard to
the price paid by the defendant, but by a third person, for the
property, and comes clearly within the rule laid down in *Med-
bury* v. *Watson*, 6 Met. 246, 259.  It was therefore competent
for the plaintiff to prove that the representation was false and
fraudulent.  It was the representation of a particular fact in
regard to the value of collateral security, upon which the plain-
tiff might rely, and, upon discovering it to be false and fraudu-
lent, could maintain his action.  *Manning* v. *Albee*, 11 Allen,
520.  It is immaterial that the mortgage note was not indorsed,
or the mortgage assigned by the defendant, when taken as col-
lateral security by the plaintiff.  The note was payable to the
order of Lowell, and indorsed by him.  The plaintiff took a good
title to it upon delivery, and the defendant could have been com-
pelled in equity to foreclose or assign the mortgage for the ben-
efit of the plaintiff.  *Parsons* v. *Welles*, 17 Mass. 419, 424.  *Crane*
v. *March*, 4 Pick. 131.  *Young* v. *Miller*, 6 Gray, 152, 156.  The
rulings of the presiding judge on this point were correct.

The remaining exception relates to the representations that
the notes and the parties who made them were good.  The pro-
visions of the Gen. Sts. *c.* 105, § 4, have no application to this
case.  They apply only when the purpose of the representation
is to enable a third person to obtain credit, in which case they
must be in writing.  *Medbury* v. *Watson, ubi supra.*  *McKinney*
v. *Whiting*, 8 Allen, 207.  It was correctly stated to the jury
that expressions of opinion and judgment would not sustain an
action for false representation, but that the representation must
be of some fact, past or existing; and that if the defendant,
when he said the notes were good, merely intended to give an
opinion as to their market value, such representation is not ac-
tionable.  But the presiding judge added, that it was otherwise
if the defendant intended to represent, and give the plaintiff to
understand that the makers of the notes were in good pecuniary
circumstances, and able to pay them; and that such representa-
tion would be of a fact, and, if false and fraudulent, would be
actionable.  The representation proved, as stated in the bill of
exceptions, was that the parties were good.  This, taken by
itself, is not the statement of a fact, but the expression of an

opinion merely. The learned judge therefore erred in ruling, as matter of law, that the representation that a party is in good pecuniary circumstances and able to pay the notes, which is equivalent to a representation that he is good, is necessarily the representation of a fact.                    *Exceptions sustained.*