HORACE H. HOMER & others *vs.* DANIEL S. PERKINS.

Suffolk. March 7. — May 25, 1878. COLT & SOULE, JJ., absent.

A seller of goods, who has agreed to take and has taken in payment a promissory note of a third person, cannot rescind the agreement as to payment and maintain an action for the price of the goods, by proof of false representations of the purchaser concerning the ability of the third person to pay the note, if such representations were a mere expression of an opinion, although fraudulently made in order to mislead the plaintiff.

CONTRACT, on an account annexed, for goods sold and deliv · ered. Answer, that the plaintiffs agreed to take and did take in payment for the goods, a promissory note for $1000 signed by Arthur Towne, payable to his order and indorsed by him and by R. W. Lougee, and that it was a full payment and satisfaction therefor. Replication, that the plaintiffs did not take the note in exchange or payment for the goods, but took it as collateral security therefor; that, if they did take it in exchange or in payment for the goods, they were induced so to take it by the false and fraudulent representations of the defendant as to the solvency of the maker and indorser of the note; and that both the maker and indorser were perfectly worthless at the time they took the note and that the defendant knew it, and that they continued worthless until the note became due.

At the trial in the Superior Court, before *Colburn,* J., the plaintiffs introduced evidence tending to show that the defendant represented to the first named plaintiff, before the note was taken, that Towne was perfectly good then; that he was worth from $9000 to $12,000; that he was a dealer in real estate; that in a year or two he did not know how he would be, but until that note was paid he was perfectly good.

The plaintiffs, for the purpose of showing that the representations alleged to have been made by the defendant as to the responsibility of Towne were false and fraudulent, were permitted

to introduce evidence tending to show that, at that time, Towne was worthless, and that the defendant was so dealing with him and meeting him that it was probable that he knew it.

There was conflicting evidence as to whether the note was taken in payment or exchange for the goods, or as collateral security merely.

The defendant requested the judge, among other things not now material, to instruct the jury: " 3. That, if the defendant made no representations to the plaintiffs as to Towne's or Lougee's responsibility or. property, further than giving his opinion merely as to Towne's or Lougee's condition and responsibility, such opinion would not be such a false representation as would avoid the contract, even if the opinion given were erroneous." The judge gave the instruction, but added : " If the opinion was not honestly given, but was falsely and fraudulently given, in order to mislead the plaintiffs, they might avoid the contract."

The jury returned a verdict for the plaintiffs ; and the defendant alleged exceptions.

*S. W. Harmon & R. Lund*, for the defendant.

*T. L. Livermore & J. H. Hardy*, for the plaintiffs.

ENDICOTT, J. It is stated in the bill of exceptions that the defendant represented that the maker and indorser of the note were solvent ; and also that there was evidence tending to show that the defendant represented the maker to be perfectly good then, that he was worth from nine to twelve thousand dollars, that in a year or two he did not know how it would be, but until the note was paid he was perfectly good. This statement was made at the time the defendant gave the plaintiff the note, in payment, as he contends, for the goods purchased, and for which the plaintiff seeks to recover in this action. It was therefore a representation that the note which the buyer desired the seller to take in payment was good, accompanied by certain statements regarding the ability of the maker and indorser to pay.

If this was the mere expression of an opinion, judgment or estimate of the solvency of the parties, the value of the note, and the amount of property that the maker had, no action would lie on the ground that it was false or intended to deceive. If, on the other hand, it was intended to be the statement of a fact,

to be understood and relied upon as such, then an action would lie, if false and fraudulent. This distinction is well established.

The mere affirmations or expressions of opinion by a seller in regard to the value of the property he is attempting to sell, or of a purchaser in regard to the value of the property or chose in action he desires the seller to take in payment for property he is attempting to buy, can never be safely relied on by the other party. They are the common and well understood affirmations in respect to property, as between buyer and seller, made for the purpose of increasing the price, and effecting a sale or barter, and in such a case the maxim *caveat emptor* applies. *Medbury* v. *Watson*, 6 Met. 246, 259. The party to whom they are made has no right to rely upon them, and, although false and intended to deceive, the party who confides in them is not entitled to relief. *Manning* v. *Albee*, 11 Allen, 520. *Veasey* v. *Doton*, 3 Allen, 380. But where a person is induced to part with his goods by the representation of some material fact, bearing on the question of value, upon which he relies and which is false and fraudulent, then he may maintain an action against the party making it. In *Manning* v. *Albee*, a false representation was made, not only as to the value of the bonds offered to secure a note given for the payment of goods sold, but also as to the sales of such bonds in the market at a certain price, appearing by a published list of sales of stocks and bonds, which was exhibited as having actually taken place; and it was held that an action would lie for the false and fraudulent representation. See also *Safford* v. *Grout*, 120 Mass. 20; *Litchfield* v. *Hutchinson*, 117 Mass. 195.

The rule in regard to representations of value also applies to mere representations or expressions of opinion respecting the solvency or pecuniary ability of third parties, whose notes are given in payment for goods purchased. In *Belcher* v. *Costello*, 122 Mass. 189, the plaintiff took certain notes of third persons from the defendant as collateral security for the payment of a debt, the defendant representing and giving the plaintiff to understand that the makers of the notes were in good pecuniary circumstances and able to pay them. It was held that this representation, taken by itself, was not the statement of a fact, but of an opinion merely; and that the presiding judge erred in ruling, as matter of law, that the representation that a party is

in good pecuniary circumstances and able to pay the notes, is necessarily the statement of a fact. And in a very recent case, this question was considered. *Morse* v. *Shaw, ante*, 59. The defendant there made a statement to the plaintiff in regard to his pecuniary condition, equivalent to the representation that he had, independently of his real estate, which was large and valuable, property enough to pay all his debts except $20,000. It was held, that it was for the jury to say whether, under the circumstances, this was intended as the statement of a fact, and to be understood as such, or as the expression of the opinion or estimate which the defendant put upon his property.

In the case at bar, it might have been a question for the jury to decide, whether the statement as to the solvency and property of the parties to the note was intended to be a representation of a fact, and was so understood, or was the expression of an opinion merely. If the statement was an expression of opinion merely, although false and intended to deceive, the plaintiff had no right to rely upon it, and is not entitled to maintain this action on that ground. The learned judge should therefore have given the third instruction requested by the defendant without qualification. *Exceptions sustained.*