## JAMES W. TEAGUE *vs.* SAMUEL G. IRWIN.

Suffolk.    March 13. — July 26, 1879.    MORTON & ENDICOTT, JJ., absent.

The statements, made by the president of a railroad corporation to induce a person to purchase stock in the corporation, that the corporation was able to lay its track and provide rolling stock, and pay all bills contracted; and that its stock was not for sale, and could not be bought anywhere but of him, are statements which a jury would be warranted in finding were representations of fact, and not expressions of opinion.

A declaration contained two counts. The first, in tort, alleged that the plaintiff bought stock in a railroad corporation of the defendant, who was the president of the corporation, upon false and fraudulent representations by the defendant that the corporation was solvent; that its capital stock had all been paid in; that it was able to lay its track and provide rolling stock, and pay all bills contracted; and that its stock was not for sale, and the plaintiff could not buy it anywhere but of the defendant. The second count was in contract for money had and received. At the trial, the plaintiff offered to prove that, at the time of the sale, and for the purpose of inducing him to buy, the defendant falsely stated that he knew there was money enough in the treasury of the corporation to purchase rolling stock for the road, provide and lay tracks, and furnish all necessary equipments. *Held,* that this evidence should have been admitted; and that the question whether the evidence supported the declaration should have been submitted to the jury under both counts.

COLT J. The plaintiff, in the first count of his amended declaration, which is in tort, alleges that he bought stock in the Winthrop & Point Shirley Railroad Company of the defendant, who was then president of that corporation, upon false and fraudulent representations by the latter that the company was solvent; that its capital stock had all been paid in; that it was able to lay its track and provide rolling stock and pay all bills contracted; and that its stock was not for sale, and the plaintiff could not buy it anywhere but of him. There were other representations alleged to have been made, as to the pres-

ent value of the property, which it is not necessary here to consider.

At the trial, the court ruled that the defendant's statements that the capital stock had been paid in, and that the company was perfectly solvent, were the only actionable representations set out in the declaration; and refused to allow evidence to be introduced by the plaintiff, as to the falsity of the other allegations, for the purpose of maintaining his action·upon them.

But, in the opinion of the court, the statements that the company was able to lay its track and provide rolling stock, and pay all bills contracted, and that the stock was not for sale, and could not be bought anywhere but of the defendant, as made by the president of the corporation to one who was about to purchase, were statements which the jury would be warranted in finding were representations of·facts of which he professed to have knowledge, and not the expression of an opinion or an estimate. When the language of the statement is capable of two interpretations with reference to the distinctions here noticed, it is proper that the question should be submitted to the jury with suitable instructions. The representations here made, if found by the jury to be representations of facts, were of facts calculated to deceive the plaintiff as to the value of the stock; facts of which the defendant had superior means of knowledge, and with reference to which he used no words of qualification or doubt, and the statements could not be properly ruled, as matter of law, to be the expression of opinion only. *Morse* v. *Shaw*, 124 Mass. 59. *Homer* v. *Perkins*, 124 Mass. 431. *Milliken* v. *Thorndike*, 103 Mass. 382. *Litchfield* v. *Hutchinson*, 117 Mass. 195.

The plaintiff also offered to prove that, at the time of the sale, and for the purpose of inducing him to buy, the defendant falsely stated that he knew there was money enough in the treasury of the company to purchase rolling stock for the road, provide and lay tracks, and furnish all necessary equipments. The presiding judge, while admitting evidence that such representations were made, excluded evidence of their falsity, for the reason that he took a narrower view of what representations might be the ground of this action than we have held to be the true one. If the defendant made his representations as repre-

sentations of fact and not of opinion, then the falsity of the representations may be proved by any competent evidence. And, if it was established that the representations made by the defendant were in the form which the evidence above mentioned tended to prove, the question whether the proof supported the charge in the declaration should have been submitted to the jury under the first count, and for the same reasons under the second count also, which was in contract for money had and received.                          *Exceptions sustained.*

*E. C. Gilman*, for the plaintiff.

*W. Gaston & J. L. Thorndike*, for the defendant.