SEEBERGER ET AL. v. HOBERT.

FALSE REPRESENTATIONS: MORTGAGE: EVIDENCE.

*Appeal from Cass District Court.*

THURSDAY, APRIL 7, 1881.

THIS action was commenced by the plaintiff Seeberger against R. Kremling, to recover a judgment upon a certain claim for money due. The action was aided by an attachment, which was levied upon certain goods which were in the possession of H. H. Hobert. Kremling answered admitting the claim of Seeberger, and agreeing to a judgment, and consenting that the attached goods be held to satisfy the judgment.

Hobert intervened in the action and claimed that he was the owner of the goods by purchase from Kremling, which purchase he alleged was made before the levy of the attachment. Seeberger and Kremling joined in an answer to the petition of intervention, denying that Hobert was the owner of said goods, and averring that he made a pretended purchase of Kremling. but that said purchase was accomplished by Hobert by fraud, in this: That he fraudulently represented to Kremling that he held a first mortgage for $1,500 on 160 acres of land in Shelby county, Iowa, and a first mortgage for $1,600 on a tract of land in Missouri, and that said securities were first class mortgages; that by making said false representations, and which he knew to be false, said Hobert induced Kremling to exchange said goods for said mortgages; that the same were not first mortgages, nor first class mortgages, but that they were worthless, and the title to said property through which said Hobert claimed was valueless, whereby said Kremling was cheated and defrauded; that afterwards the said Kremling tendered said mortgages and the notes accompanying the same to Hobert, and demanded the return of said goods, which was refused. It was prayed that said sale be rescinded on the ground of fraud and mistake. Issue having been taken on the answer, there was a trial by the court, and it was found that said Hobert was the owner of the property. Seeberger and Kremling appeal.

*Smith & Morris, Phelps & DeLano* and *Temple & Phelps,* for appellants.

*J. T. Hanna* and *J. W. Scott,* for appellee.

Rothrock, J.—We have the usual controversy whether or not this is an equitable action, triable anew upon appeal in this court. We think it is. The answer of Seeberger and Kremling to the petition of intervention seeks to rescind the contract of exchange, compelling Hobert to surrender the goods and receive back the mortgages which he gave in exchange for them. The trial was by the court and the decision of the court is designated as a decree, and it is in the nature of a decree.

Seeberger could not maintain the action to rescind the sale. He had no such interest as authorized him to do so. But the action could be maintained by Kremling, and he does in effect institute such action by his answer or cross-petition. The fact that he joined Seeberger with him might have been ground for raising the question of a misjoinder of parties in the court below. But that question is not before us.

The whole case, it seems to us, turns upon the representations which were made by Hobert to Kremling at the time the exchange was made. Kremling claims that Hobert represented that the mortgages were first mortgages, that they were first class mortgages, and that they could be readily discounted for cash at a small discount. Hobert admits that he represented that the mortgages were first mortgages on the land described therein, but denies any further representations. A careful examination of the record satisfies us that Kremling has not shown, by a preponderance of evidence, that any representation was made except that the instruments were first mortgages. We are further satisfied from the evidence that Kremling has not shown that this representation was false. It is insisted that a mortgage is not a first mortgage unless there was title in the mortgagor when the mortgage was executed. The ready answer to this is, that we do not think that Kremling has shown that the mortgagors did not have title. It appears from an abstract of title of the lands in Shelby county, in this State, that the mortgagor held a tax title. Whether it was a good title or not does not appear. An abstract of title of the Missouri land was offered in evidence, but it appears from appellee's abstract, which is not denied, that said abstract of title was objected to and the objection was sustained. But even conceding that it should have been admitted in evidence, it shows upon its face that it was incomplete and imperfect, and the officer who certified thereto stated in his certificate that part of the records of the county had been destroyed by fire.

It is unquestionably correct, as claimed by counsel for appellants, that equity will grant relief where false representations have been made, although the party making the representations did not know whether they were true or false, or where they were made through mistake or innocently, if the purchaser relied on them and was induced thereby to enter into the contract. *Wilcox v. Iowa Wesleyan University*, 32 Iowa, 367; *Sweezey v. Collins*, 36 Id., 589.

But in this case it does not appear to us, or at least it has not been shown, that Hobert made false representations, whether intentionally or otherwise. Besides the alleged false representation as to the discounting of the mortgages is not set forth in the answer, and it may well be questioned whether such a representation, as well as the alleged representation that the securities were first class, were not mere matters of opinion as distinguished from

representations of quality. See *Vincent & Co. v. Berry*, 46 Iowa, 571; *Parker v. Moulton*, 114 Mass., 99.

AFFIRMED.