OTTO SHARP *vs.* ERNESTO PONCE.

Cumberland.    Opinion February 22, 1883.

*Sales.    False representations.    Law and fact.*

A seller falsely represented to a person who purchased spectacles of him "that the spectacles were a new invention, that they were brilliants, and that·he had·never sold them to any one else in Portland." *Held,* it was a question for the jury, not the court, to determine whether this was a representation of material facts or not.

·The purchaser examined but one parcel out of several bought by him; but the spectacles in all the packages were alike. He inquired at two places in town before purchasing, but obtained no information. He could tell nothing by his own inspection. He had no immediate means of testing the seller's statements. *Held,* it could not be properly ruled as a matter of law, that the purchaser was guilty of contributory negligence.

·The purchaser is not required to tender back the goods in order to be entitled to have his damages deducted from checks, given by him for the goods, and upon which he is sued.

ON EXCEPTIONS from superior court.

Assumpsit on a bank check drawn by the defendant for two hundred and sixty seven dollars, on the National Traders Bank of Portland, and payable to the order of one H. Rosenburg, and by said Rosenburg indorsed in blank.

The writ was dated October 11, 1880.

The verdict was for two hundred eighty-four dollars and seventy three cents.

The material facts are sufficiently stated in the opinion.

*Clarence Hale,* for the plaintiff.

The plaintiff is an innocent holder of the bank check.

We have only defendant's statement as to the representations of Rosenburg, but if true, such representations were only "dealers' talk" and *caveat emptor* applies as in *Bishop* v. *Small,* 63 Maine, 14.

See *Brown* v. *Leach,* 107 Mass. 368, and cases cited: *Farrell* v. *Loveitt,* 68 Maine, 326; *Morris* v. *Thompson,* 16

Alb. Law J. 166; *Stewart* v. *Dougherty*, 3 Dana (Ky.), 479; *Peers* v. *Davis*, 29 Mo. 184; *Staines* v. *Shore*, 16 Pa. St. 200; *West* v. *Cutting*, 19 Vt. 536; *Crabtree* v. *Kile*, 21 Ill. 180; *Ricketts* v. *Hayes*, 13 Ind. 181; *Fortune* v. *Lingham*, 2 Camp. 416.

*M. P. Frank*, for the defendant, cited: Byles' Bills (5 Am. ed.) 241, and cases cited: Story, Prom. Notes, (7 Am. ed.) 242; *Thompson* v. *Hinds*, 67 Maine, 177; *Bierce* v. *Stocking*, 11 Gray, 175; *Hammatt* v. *Emerson*, 27 Maine, 308; *Holbrook* v. *Burt*, 22 Pick. 546; Benjamin, Sales, (2 Eng. ed.) 566 and cases cited.

PETERS, J. It was testified, that the seller of the spectacles said to the purchaser, "that the spectacles were a new invention; that they were brilliants; that he had never sold them to any one else in Portland." We think it should have been submitted to the jury to say whether this was a statement of material facts or not. As the case is presented to us, we must regard the representations as false. The defendant said, "these representations were false in every respect." The plaintiff argues that this was dealers' talk and puffing merely. We think a jury might, if they saw fit under all the circumstances, declare the talk to be a representation of facts. Spectacles might sell, other things equal, for more, because newly invented. A jury might regard them of more value because brilliants. It may be that brilliants of a new invention would sell better than common spectacles. The case is not a very marked one, perhaps, but we cannot say conclusively that there was not a case to be submitted to a jury. In connection with these statements is a considerable amount of exaggeration and falsehood, which the law does not notice. The fact, however, that the representations which the law will examine are found in such association, makes them none the less significant. The fact that five hundred and thirty-seven dollars were given for fifty dollars' worth of the goods, shows clearly enough that the defendant was somehow deceived and cheated. It should not have been ruled, as matter of law, that no defence was made out. *Teague* v. *Irwin*, 127 Mass. 217.

"It is not a fraudulent misstatement which avoids a contract, to say untruly that a particular article is a very good one of its class; though it is a misstatement to say that an article belongs to a class when it does not." 1 Whar. Cont. § 259.

The plaintiff contends that the defendant's want of ordinary care and caution caused his injury; that he cheated himself. It is said that he was at fault in not examining all the parcels. He examined one and the packages were alike. And he could not discover the fraud from any inspection he could make. He did pursue inquiry at two places, but ascertained nothing. The defendant had no immediate means of testing the seller's statements. By no means, can it be said, as matter of law, that the defendant was guilty of contributory negligence.

The point is taken by the plaintiff, that the defendant cannot defend because he has not tendered back the articles purchased. He would be required to do that if he commenced an action in pursuance of an attempted rescission; not obliged to do so in the position of a defendant where he merely seeks to have his damages deducted from the amount of the check upon which he is sued.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.