*Exceptions sustained.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.

---

CALVINA A. BOURN *vs.* JOHN L. DAVIS AND WIFE.

Kennebec. Opinion June 3, 1884.

*Deceit. False representations by vendor as to appraised value of the property.*

False and fraudulent representations by the vendor to the vendee concerning the appraisal of the property by appraisers, appointed by the probate court, as to the value placed upon it by the appraisers, are not sufficient to sustain an action of the case for deceit in the sale or exchange of property.

ON exceptions from superior court.

The case and material facts are sufficiently stated in the opinion.

*John H. Potter* and *George J. Moody,* for the plaintiff, upon the question considered in the opinion as to the allegation and proof of a false statement by defendants as to the value at which his property had been appraised, argued:

We submit that this allegation was material, that it was the misstatement of a fact given to and understood by the plaintiff as a fact, as an official act performed by three men appointed by a court of record and under their solemn oaths. These men were selected from the neighborhood where the estate lies, they were disinterested, they were commissioned by the judge of probate, they were under oath, and made a record of their doings on the very commission under which they acted and returned the same to the court whence it issued. The appraisal, the value of that estate, was now no longer a matter of opinion, but had become a fixed fact, the estate had now received a fixed and legal value. By that appraisal the value of the claims of creditors were ascertained, the character of the

estate whether solvent or insolvent was determined, and by it the administrator must be governed.

The value was ascertained by the court of probate, although done by persons appointed thereby. It is now no more the expression of an opinion than is the undisturbed verdict of a jury, or the decision by one of your honors on a question of fact.

But this representation was a representation of the act of third parties and therefore is not an expression of opinion but the statement of a fact, and if false then fraudulent. *Manning* v. *Albee*, 11 Allen, 520; *Belcher* v. *Costello*, 122 Mass. 189.

Therefore we submit, that it was the representation of a material fact, and being false it was fraudulent. And what could more influence a person than such a representation?

But it may be urged that this being a matter of record was open to the examination and inspection of the plaintiff, and that she by due diligence might have ascertained the truth. But these questions were submitted to the jury, and they were repeatedly instructed that these questions they must decide, and as there is no evidence that they assessed any damage on account of this representation, we have a right to assume that they determined this question of fact, and if they found that she had not used due diligence in regard to the same, they entirely disregarded it.

*Bean and Beane*, for the defendants, cited: *Holbrook* v. *Connor*, 60 Maine, 578; *Bishop* v. *Small*, 63 Maine, 12; *Long* v. *Woodman*, 58 Maine, 49; *Medbury* v. *Watson*, 6 Met. 246; *Hemmer* v. *Cooper*, 8 Allen, 334; *Manning* v. *Albee*, 11 Allen, 520; *Cooper* v. *Lovering*, 106 Mass. 79; Add. Torts, 1017.

SYMONDS, J. Case for deceit alleged to have been practised by the defendants in effecting an exchange of real estate with the plaintiff.

One of the allegations of fraud relied upon at the trial was that the defendants said the place in Belfast, which they exchanged with the plaintiff for her farm in Fayette, was valued by the appraisers upon the estate of Lydia A. Hollis, mother of

the defendant, Grace U. Davis, at one thousand dollars, when in fact the appraisal was only two hundred and twenty-five dollars.

In this respect the jury were directed by the presiding judge that if the defendants stated "as a matter of fact, that the appraisal had been made by the official appraisers under their oaths in performing their official duty under the laws of this state and that statement was false (and there is no dispute, I believe, about the fact that the appraisal was two hundred and twenty-five dollars instead of one thousand dollars), and was known by them to be false at the time, and was made for the purpose of deceiving the plaintiff and as an inducement to her to make the exchange, and she did rely upon it and was thereby induced to make the exchange," it was a fraudulent misrepresentation which would give the plaintiff a right of action to recover the damages which she sustained thereby. The ruling appears to have been a *pro forma* one, and, the verdict being for the plaintiff, the question of its correctness is reserved upon exceptions by the defendants.

It is the general rule at least in Massachusetts and Maine that an action of tort for deceit in the sale of property does not lie for false and fraudulent representations by the vendor to the vendee concerning its cost or value, or the prices which have been offered or paid for it. *Long* v. *Woodman*, 58 Maine, 52; *Holbrook* v. *Connor*, 60 Maine, 578; *Martin* v. *Jordan*, 60 Maine, 531; *Bishop* v. *Small*, 63 Maine, 12. "When a vendor of real estate affirms to the vendee that his estate is worth so much, that he gave so much for it, that he has been offered so much for it, or has refused such a sum for it, such assertions, though known by him to be false, and though uttered with a view to deceive, are not actionable." *Medbury* v. *Watson*, 6 Met. 259; *Gordon* v. *Parmelee*, 2 Allen, 212; *Hemmer* v. *Cooper*, 8 Allen, 334; *Mooney* v. *Miller*, 102 Mass. 220; *Cooper* v. *Lovering*, 106 Mass. 78; *Parker* v. *Moulton*, 114 Mass. 99; *Poland* v. *Brownell*, 131 Mass. 138; *Page* v. *Parker*, 43 N. H. 368.

With this rule established, it is difficult to see how a distinction can be drawn so as to hold a false statement about an appraisal

of property actionable, when proof of similar misrepresentations in regard to prices offered or actually paid for it would fail to support the action.

It will be observed that in this case the false affirmations alleged are by the vendor to the vendee, personally or by agent, not as in *Medbury* v. *Watson, supra,* by a third person who stands "in the light of a friend who has no motive nor intention to depart from the truth, and who thus throws the vendee off his guard and exposes him to be misled by the deceitful representations." This is the distinction drawn in that case, between misstatements of this class by the vendor and the same by a person who assumes to be disinterested, not between misrepresentations by the vendor on the one hand as to what he himself had paid and on the other as to what had been paid by third persons, as the *dicta* in *Manning* v. *Albee,* 11 Allen, 522 and *Belcher* v. *Costello,* 122 Mass. 190, would seem to imply. We can see no difference in legal effect between a misrepresentation by the vendor in regard to the price which he paid, and one by him in regard to the price paid by other persons. The case of *Medbury* v. *Watson* draws no such distinction and the other cases cited only purport to follow that.

In this respect, then, the misrepresentations as to the appraisal stand upon the same footing as that class of affirmations of cost and value, which the authorities hold are not material. They were made by vendor to vendee. The ruling so regards them. In another respect they are even less dangerous to a vendee in the exercise of common diligence : the proceedings of appraisers upon estates being matters of public record and therefore open to the inspection of all persons interested. Notwithstanding the official character of the action of the appraisers, it still expresses only the judgment of individuals as to the values of property, and from the time of *Harvey* v. *Young,* Yelv. 21 *a,* it has been held as a general rule that mere affirmations of value between vendor and vendee are not actionable, though false ; "for it was but the defendant's bare assertion that the team was worth so much, and it was the plaintiff's folly to give credit to such assertion."

The extension of this rule to false statements about prices. paid or offered seems to include its application to fraudulent representations, such as appear in this case, about an appraisal of property.

In *Buxton* v. *Lister*, 3 Atk. 385, a decree for the specific performance of an agreement to buy timber-trees was resisted on the ground that the plaintiff had procured the contract by representing that two timber-merchants had valued the trees at three thousand five hundred pounds, when in fact their valuation was only two thousand five hundred pounds. Lord HARDWICKE held that this, if proved, was good ground for refusing to decree specific performance, for such a decree is in the discretion of the court and should be entered only when the agreement is certain, fair and just in all its parts. This case is cited in 2 Kent's Comm. 487, as illustrating the greater strictness of the rule in this respect in equity than at law, and also as showing that in equity there is a distinction between enforcing specifically and rescinding a contract. "It does not follow that a contract of sale is void in law merely because equity will not decree a specific performance."

Under the principle which the decisions in this state have established, we think that proof of the fraudulent representation alleged in regard to the appraisal of property was not sufficient to sustain the action.

*Exceptions sustained.*

PETERS, C. J., BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.