PATRICK HOGAN *vs.* JAMES WIXTED & wife.

Worcester.   Oct. 3, 1884. — Jan. 10, 1885.   C. ALLEN & COLBURN, JJ.,
absent.

The wife of H. died without issue, seised in fee of a parcel of land of less value
than $5000, which had been conveyed to her by W., and H. became entitled to
it in fee.   W., knowing that H. had an estate in fee, represented to him that
his estate was for life only, as he had been informed, and made an offer for the
land, which H. refused.   Subsequently, H., influenced by the said representa-
tion, accepted another offer made by W., and conveyed the land, for much
less than its value, to W.'s wife, who paid no part of the consideration.   *Held,*
that H. was entitled to maintain a bill in equity against W. and his wife, for a
reconveyance of the land, upon repayment of the consideration, without hav-
ing made a tender of the consideration.   *Held, also,* that evidence was inad-
missible that the wife of H. owed W. $100 as part of the consideration of the
deed of W. to her.

BILL IN EQUITY, against James Wixted and Mary Wixted,
his wife, for the reconveyance of a parcel of land in Douglas,
alleged to have been conveyed by the plaintiff to Mary Wixted,
in reliance upon fraudulent representations made to him by
James Wixted, acting as her agent.   Hearing before *Colburn,* J.,
who reserved the case for the determination of the full court;
such decree to be entered as law and justice might require.   The
facts appear in the opinion.

*F. A. Gaskill,* for the plaintiff.

*J. Hopkins,* for the defendants.

DEVENS, J.   The plaintiff's wife, being the owner in fee of
the land a reconveyance of which is here sought, died leaving
no issue.   It being of less value than $5000, her husband be-
came entitled to the whole estate   The defendant James Wix-
ted had several conversations with the plaintiff in relation to
selling this estate, and represented to the plaintiff " that he
had only a life estate therein as he " (Wixted) " had been in-
formed."   The offer first made by James Wixted upon this
basis was refused, but a subsequent offer therefor was accepted,
and the plaintiff parted with his estate at much less than its
actual value.   In this sale some other matters were included,
but it is found that the plaintiff was influenced by James Wix-
ted's representation in subsequently making the conveyance of
the land in controversy.   If the representation made was false,

and of such a character as to entitle the plaintiff to rescind the contract on account thereof, it is not important that the first offer made by Wixted was not accepted, if his statement continued still to influence the plaintiff, and thus induced him to rely upon it as one of the reasons for accepting the subsequent offer.

It is not distinctly found by the master whether any person had or had not informed James Wixted that the estate of the plaintiff was only a life estate; but it is found " that James Wixted knew and believed that the plaintiff owned the fee," while the plaintiff supposed that he had only a life estate, as had been represented to him. Even if the matter represented be stated to be upon the information of another, it is not the less a false representation, which will lay the foundation of an action when the information is known by the party so representing to be false. The substance of the assertion made to the plaintiff was that he had only a life estate. Although James Wixted professed to base this assertion upon information, if he knew the information to be false, and that the estate of the plaintiff was in fee, he should not escape the consequences of it, if he thereby deceived and injured the plaintiff.

It does not appear that the plaintiff made any further inquiry as to his legal interest in this estate ; and, as it is not shown that James Wixted in any way, either by words or conduct, fraudulently or otherwise, induced him to forbear inquiry, it is contended — upon the ground that, under such circumstances, false representations as to the condition, situation, and value of real estate are not actionable — that no action can here be maintained. *Parker* v. *Moulton*, 114 Mass. 99. But it is thus held for the reason that such representations, from their nature and character, are but matters of opinion and estimate, as to which men may well differ, and therefore that to them the rule of *caveat emptor* applies. In the case at bar, there was a distinct statement known to be untrue. Even if the plaintiff might have discovered its falsity by taking legal counsel, as he has been deceived thereby and has acted thereon to his own injury, he is entitled to a remedy.

The defendants contend that no right to equitable relief is shown, because the defendant Mary Wixted stands in the position

of an innocent purchaser. But she paid nothing whatever for the conveyance ; the consideration therefor proceeded entirely from her husband. Even if she was innocent of the false representations made by her husband, when she accepted the contract made by him, she did so subject to the right of the plaintiff to rescind it for fraud.

They further contend, that, before bringing this bill, the plaintiff was bound to tender back all that he had received for the conveyance ; that if it be conceded that the amount received by the plaintiff for the land might be separated from the rest of the contract, a tender of at least $204 should have been made, whereas, upon the plaintiff's own evidence, only $200 was tendered. We do not understand that, in order to maintain this bill, the plaintiff must show a tender, certainly not one made with the accuracy and to the exact full amount which would be required to maintain a plea of tender at common law. The plaintiff in his bill has offered to pay all that it shall be found that he has received, or all that it is his duty to pay in order to entitle him to a reconveyance. In order to ascertain how much he ought properly to tender, it was necessary to determine how much he had received for the personal property sold by him and finally included in the transaction. As this has been found by the master to be of the value of $50, his tender, upon his request for a reconveyance, should have been $4 more than it was. But, as it appears that the sum so tendered was tendered in good faith, even if any tender is necessary in order to maintain this bill, the deficiency should not deprive him of his remedy.

There remains the question how much the plaintiff shall be ordered to pay in order to entitle him to a reconveyance. He should, of course, repay the money he has received as a consideration for the deed made by him ; but we do not think it necessary now to inquire whether there is a balance due of $100 from the wife of the plaintiff, being an unpaid portion of the consideration for the deed made to her, which should have been paid by her, and should now be paid by her estate. The evidence to this effect was properly rejected. Without regard to the remedies which the defendants may be entitled to, if the plaintiff's wife has failed to perform the contract fully which

she made at the time of the original purchase of the land, it is the duty of the defendants to restore the property which they have obtained by fraud, when they have been repaid the sum paid by them to the plaintiff. The parties are thus restored as nearly as possible to their original position.

*Decree accordingly.*