VESTA A. DEMING *vs.* DAVID H. DARLING.

Middlesex.    January 14, 15, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Variance — Amendment — Sale — Fraudulent Representations.*

If evidence that a sale, alleged in the declaration to have been made by a certain person, was made by a firm of which such person was a member, constitutes a variance, it may be cured at any time by amendment.

Representations by a seller, known to be acting as such by the purchaser, that a bond secured by a mortgage of a railroad was an A No. 1 bond, and that the mortgaged railroad was good security for it, were *held* not to be actionable, although false and made in bad faith.

No exception lies to the exclusion of evidence, the bearing of which upon the questions at issue is not disclosed by a bill of exceptions.

HOLMES, J.    This is an action for fraudulent representations alleged to have been made to one Dr. Jordan, the plaintiff's agent, for the purpose of inducing the plaintiff to purchase a railroad bond from the defendant.    It appears that the bond was purchased from the defendant's firm, and not from the defendant alone; but we shall not consider very carefully whether this constituted a variance, since, if it did, an amendment would be allowed at any time.    If the contract had been sued upon, instead of being a collateral matter, nonjoinder would have had to be pleaded in abatement, and there seems to be no obvious reason for greater strictness in this case.    *Wilson* v. *Nevers*, 20 Pick. 20, 22.    *Tuttle* v. *Cooper*, 10 Pick. 281, 283.

Among the representations relied on, one was that the railroad mortgaged, which was situated in Ohio, was good security for the bonds; and another was that the bond was of the very best

and safest, and was an A No. 1 bond. With regard to these
and the like, the defendant asked the court to instruct the jury
"that no representations which the defendant might have made
or did make to Dr. Jordan in relation to the value of the bond
in question, or of the railroad, its terminals, and other property
which were mortgaged to secure it, with other bonds, even
though false, were representations upon which Dr. Jordan ought
to have relied, and are not sufficient to furnish any grounds
for this action"; and also, "that each of the expressions 'and
that the same' (meaning said railroad and all the property cov-
ered by the mortgage) 'was good security for said bonds,' 'that
said bond was of the very best and safest, and was an A No. 1
bond,' are expressions of opinion of value, and even though
false, are not such representations as Dr. Jordan had a right to
rely upon, and are not enough to furnish any grounds for this
action."

The court declined to give these instructions, and instead
instructed the jury that "an expression of opinion, judgment,
or estimate, or a statement of a promissory nature relating to
what would be in the future, so far as they were expressions of
opinion, if made in good faith, however strong as expressions of
belief, would not support an action of deceit."

It will be seen that the fundamental difference between the
instructions given and those asked is that the former require
good faith. The language of some cases certainly seems to sug-
gest that bad faith might make a seller liable for what are
known as seller's statements, apart from any other conduct by
which the buyer is fraudulently induced to forbear inquiries.
*Pike* v. *Fay*, 101 Mass. 134. But this is a mistake. It is
settled that the law does not exact good faith from a seller in
those vague commendations of his wares which manifestly are
open to difference of opinion, which do not imply untrue asser-
tions concerning matters of direct observation, (*Teague* v. *Irwin*,
127 Mass. 217,) and as to which it always has been "understood,
the world over, that such statements are to be distrusted."
*Brown* v. *Castles*, 11 Cush. 348, 350. *Gordon* v. *Parmelee*, 2
Allen, 212. *Parker* v. *Moulton*, 114 Mass. 99. *Poland* v. *Brow-
nell*, 131 Mass. 138, 142. *Burns* v. *Lane*, 138 Mass. 350, 356.
*Parker* v. *Moulton* also shows that the rule is not changed by

the mere fact that the property is at a distance, and is not seen by the buyer. Moreover, in this case, market prices at least were easily accessible to the plaintiff.

The defendant was known by the plaintiff's agent to stand in the position of a seller. If he went no further than to say that the bond was an A No. 1 bond, which we understand to mean simply that it was a first rate bond, or that the railroad was good security for the bonds, we are constrained to hold that he is not liable under the circumstances of this case, even if he made the statement in bad faith. See, further, *Veasey* v. *Doton*, 3 Allen, 380 ; *Belcher* v. *Costello*, 122 Mass. 189. The rule of law is hardly to be regretted, when it is considered how easily and insensibly words of hope or expectation are converted by an interested memory into statements of quality and value when the expectation has been disappointed.

To show the knowledge of the plaintiff's agent concerning the bond, the defendant was allowed to put in evidence of the agent's purchase, two years before, of bonds and stock of a connecting road of a different name, to the system of which the road in question was said to belong. The price paid was excluded. The circumstances are not brought out very plainly by the bill of exceptions. There is nothing to show the bearing of the price on any of the alleged representations, and we see no reason why it should have been admitted.

*Exceptions sustained.*

*S. K. Hamilton*, for the defendant.

*R. Lund*, (*W. C. Jordan* with him,) for the plaintiff.