MARY L. ANDREWS *vs.* FREDERICK H. JACKSON.

Middlesex.   January 21, 1897. — May 18, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Deceit — False Representations — Evidence — Action — Rescission or
Affirmation of Contract — Tender — Instructions.*

In an action for deceit for false representations as to the value of certain notes, it
appeared that they were turned over to the plaintiff, who was a woman, in part
payment of the agreed price for land sold to the defendant; that he professed
to know, and probably did know, all about the financial standing of the maker
of them, who lived in Boston, while the plaintiff lived in a suburban town and
knew nothing of the maker; that she was obliged to take the defendant's repre-
sentations or to decline to deal with him until she could go to Boston and make
an investigation for herself; that he represented the notes to her to be as good
as gold, and told her that he had lent money to the maker, saying, "Do you
suppose I would lend my money to any one that was not good?" *Held,* that
the evidence was sufficient to warrant a finding that the false representations
were actionable.

If an action does not rest upon a rescission of a contract, but upon an affirmation
of it, and upon a claim for damages for false representations in regard to certain
notes delivered to the plaintiff under it, a request to rule "that the tender of the
notes at the time of the trial was made too late to effect a rescission of the con-
tract, or that part of it relating to the notes," is rightly refused.

TORT, for deceit.   The declaration alleged that the plaintiff
sold and conveyed to the defendant certain real estate situate in
Medford " for the sum of nineteen hundred dollars, and received
in payment thereof fourteen hundred dollars in cash and four
certain promissory notes all signed by one H. Joseph, amounting
together to the sum of six hundred and fourteen hundredths
dollars; that the defendant, to induce the plaintiff to convey
said real estate to him, falsely represented to the plaintiff that
the maker of said notes was a man of property, and that said
notes were as 'good as gold'; that your plaintiff, believing
said representations to be true, was thereby induced to convey
said real estate to the defendant; that said representations were
false and were known to the defendant to be false, and by reason
thereof the plaintiff suffered great damage."

Trial in the Superior Court, without a jury, before *Hammond,*

J., who found for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

The case was submitted on briefs to all the justices.

*H. R. Bailey & J. H. Appleton*, for the defendant.

*W. P. Martin*, for the plaintiff.

KNOWLTON, J. The principal question in this case is whether there was any evidence to warrant a finding that the false representations made by the defendant in regard to the notes were actionable. This finding is in these words: "I find that the defendant represented these notes to be as good as gold, and that that representation was intended by him and understood by the plaintiff, not to be an expression of opinion, but a statement of a fact of his own knowledge. I find that the notes were worthless." It is contended by the defendant that such a representation is necessarily, and as matter of law, a mere expression of opinion, for which, however wilfully false, and however damaging in the reliance placed upon it, no action can be maintained.

It is true that such a representation may be, and often is, a mere expression of opinion. But we think that it may be made under such circumstances and in such a way as properly to be understood as a statement of fact upon which one may well rely.

In *Stubbs* v. *Johnson*, 127 Mass. 219, one of the representations in regard to a note was that it was "as good as gold," and the jury were instructed that, if this was intended as a representation of the financial ability of the maker of the note, it was a statement of a material fact, for which the defendant was liable. This instruction was held erroneous "because a representation as to a man's financial ability to pay a debt may be made either as a matter of opinion, or as a matter of fact; the subject of the statement does not necessarily determine which it is. . . . It is often impossible," says Mr. Justice Colt further in the opinion, "to determine, as matter of law, whether a statement is a representation of a fact, which the defendant intended should be understood as true of his own knowledge, or an expression of opinion. That will depend upon the nature of the representation, the meaning of the language used, as applied to the subject matter, and as interpreted by the surrounding circumstances, in

each case. The question is generally to be submitted to the jury." The opinion plainly implies that, if the jury had been left to determine whether there was a representation of the maker's financial ability to pay made as matter of fact and not as mere matter of opinion, they might have found against the defendant on his false representation that the note was "as good as gold." In *Belcher* v. *Costello*, 122 Mass. 189, there is also a strong intimation that the rule is as above stated. In *Safford* v. *Grout*, 120 Mass. 20, the representation set out in the declaration was that the maker of the note "was a person of ample means and ability to pay said note, and that the note was good." The plaintiff was allowed to recover. The court says of the representations, "We must presume that they were legally sufficient to support the action ; that is to say, that they were statements of facts susceptible of knowledge, as distinguished from matters of mere opinion or belief." See also *Morse* v. *Shaw*, 124 Mass. 59 ; *Teague* v. *Irwin*, 127 Mass. 217.

In two recent cases, *Way* v. *Ryther*, 165 Mass. 226, and *Kilgore* v. *Bruce*, 166 Mass. 136, 138, this court has expressed a disinclination to extend the rule which permits dealers to indulge with impunity in false representations of opinion.

In the case now. before us the notes were turned over to the plaintiff in part payment of the agreed price for land sold to the defendant. He professed to know, and probably did know, all about the financial standing of the maker of them, who lived in Boston. The plaintiff lived in a suburban town and knew nothing of the maker. She was obliged to take the defendant's representations or to decline to deal with him until she could go to Boston and make an investigation for herself. He told her that he had lent money to the maker, and said, "Do you suppose I would lend my money to any one that was not good ?"

A representation that a note is as good as gold may be founded on absolute personal knowledge of the validity of the note, and upon an equally certain knowledge of the maker's financial ability. The known facts upon which financial ability depends may be so clear and cogent as to make the consequent conclusion, which ordinarily would be a mere matter of opinion, a matter of moral certainty which can properly be called knowledge. We cannot say, as matter of law, that this representation was not

intended to be, and properly understood to be, a representation of facts within the defendant's knowledge.

The case of *Deming* v. *Darling*, 148 Mass. 504, differs materially from this at bar. The property to which the representation related was one of many mortgage bonds issued by a railroad company, of which, in the language of the opinion, the " market prices at least were easily accessible to the plaintiff." The representations which were held to be insufficient on which to found an action were " in relation to the value of the bond in question, or of the railroad, its terminals, and other property which were mortgaged to secure it." The value of articles sold in market, and especially of railroad property and of railroad bonds payable in the distant future, is ordinarily only a matter of opinion. A statement of the value of such property is very different from a statement that a promissory note which is almost due is known to be valid, and that the maker of it is a person of such known integrity and financial ability that his promise to pay is as good as that of the State or nation. A statement that a note is as good as gold may be intended to represent facts of this kind.

The request to rule " that the tender of the four notes at the time of the trial was made too late to effect a rescission of the contract, or that part of it relating to the notes," was rightly refused. The action does not rest upon a rescission of the contract, but upon an affirmation of it, and upon a claim for damages for false representations in regard to the property delivered to the plaintiff under it.

*Exceptions overruled.*