### PATRICK LYNCH *vs.* DANIEL J. MURPHY.

Middlesex.　March 24, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Deceit — False Representations — Vendor and Vendee.*

Representations in regard to the value largely in the future as an investment of the stock of a company organized for the manufacture and sale of certain machines, one of which the vendee before purchasing the stock had seen in operation at the vendor's house and which he knew was not perfected, when considered in connection with the nature of the property and with the fact that the vendee must have known all the time that the vendor was one of the promoters of the corporation and greatly interested in the stock and in the sale of it, are expressions of opinion which will not sustain an action for deceit.

TORT, for deceit. Trial in the Superior Court, before *Lilley*, J., who, at the conclusion of the evidence, ruled, at the request of the defendant, that the action could not be maintained, and directed the jury to return a verdict for the defendant, and the plaintiff having alleged exceptions, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, the case was to stand for trial. The facts appear in the opinion.

*J. H. Morrison*, for the plaintiff.

*J. J. Hogan & J. W. McEvoy*, for the defendant.

KNOWLTON, J. The plaintiff alleges that the defendant fraudulently made certain false representations in connection with the sale to him of stock in a corporation. The corporation was called the Haggerty Water Motor Company, and was organized under the laws of the State of Maine for the purpose of manufacturing and selling water motors under patents. The plaintiff testified, in cross-examination, that before he bought any stock in the company he had seen the machine in operation at the defendant's house, and that he went to look at it there. He also testified that when he purchased his stock he knew that the machine was not perfected, and that they were experimenting on it. All his testimony shows that he knew enough about the corporation to understand that the value of its stock must be largely a matter of opinion, and dependent upon future contin-

gencies. All the alleged false representations on which he relies were in regard to the value of the stock as an investment, and related in the main, if not altogether, to the future. Considered in connection with the nature of the property, they were plainly mere expressions of opinion which, when made by a vendor, will not sustain an action for deceit. *Belcher* v. *Costello*, 122 Mass. 189. *Deming* v. *Darling*, 148 Mass. 504. *Nash* v. *Minnesota Title Ins. & Trust Co.* 159 Mass. 437, and 163 Mass. 574. *Andrews* v. *Jackson*, 168 Mass. 266.

The plaintiff bought stock at different times. The first time he bought of the defendant and of Haggerty, who was the patentee of the machine. He testified that the stock-book and certificates showed that the stock so purchased was treasury stock of the company. Afterwards he bought of one Wholey, a stockholder, and later of one Brennan, and still later he bought more of the defendant and Haggerty, which also was treasury stock, transferred to him by one Williams as trustee for the company. The report leaves it uncertain whether the stock bought of Wholey and of Brennan was or was not treasury stock. The plaintiff testified that in making both of these purchases he was influenced by the defendant's representations of value, which, as we have already said, purported to be, from their very nature, mere expressions of opinion.

The plaintiff contends that this case calls for a distinction such as was recognized in *Medbury* v. *Watson*, 6 Met. 246, 260, between representations made by a vendor and those made by an apparently disinterested third person. But we are of opinion that there is no evidence which warrants us in making such a distinction. The plaintiff knew from the beginning that the defendant was deeply interested in the stock of the corporation. In the first transaction relied on in this suit, the defendant was one of the vendors, and purported to be speaking for himself as an individual, although before the sale was consummated it appeared that he was selling treasury stock. The last transaction was of the same kind. The representations at other times were no different in character from those made in connection with these sales, and the plaintiff must have known all the time that the defendant was one of the promoters of the corporation, and greatly interested in the stock and in the sale of it.

There are other branches of the case in which the weight of the evidence is in favor of the defendant ; but without considering them, we are of opinion that a verdict was rightly ordered for him, on the ground that the only representations made by him did not purport to be anything more than statements of opinion upon which a purchaser cannot safely rely.

*Judgment on the verdict.*