FRANK HEGARTY, Appellant, v. ALFREDERIC S. HATCH and Another, Respondents.

Supreme Court, Appellate Term, Second Department, January 22, 1927.

Fraud and deceit — action for fraudulent representations whereby defendant induced plaintiff to sell contract for sale of real property — evidence showed defendant represented assignee was financially able to pay price agreed upon — plaintiff's acceptance of check was conditional upon assignee's financial ability — evidence warranted finding defendant recklessly made representations which induced plaintiff to pay commissions — plaintiff had right to rescind contract — refusal to permit plaintiff to show surprise, error — moneys expended for counsel fee in procuring reassignment of contract not proper element of damages.

In this action for damages for fraudulent representations whereby defendant, a real estate broker, induced plaintiff to sell a contract for the sale of real property and to pay a commission to defendant on the transaction, the evidence warranted a finding that defendant recklessly made representations which induced plaintiff to pay the commissions, where it appears that defendant represented that the assignee was financially able to pay the price agreed upon and that plaintiff accepted a check conditional upon said assignee's financial ability.

Plaintiff had the right to reduce his damage by rescinding the assignment or regaining the contract, if the assignment was made because of defendant's misrepresentation.

It was error to refuse to permit the plaintiff to show he was surprised by testimony of the assignee as to what property she owned at the time of the alleged misrepresentation. While plaintiff could not have impeached the testimony of his own witness, he was entitled to refresh her recollection. It was not reversible error to exclude the questions as to her supposed hostility before she had been examined on any matters of dispute.

The moneys expended for counsel fee in procuring the reassignment of the contract are not a proper element of damages as the result of the fraud.

APPEAL by plaintiff from a judgment of the Muncipal Court, Borough of Queens, Fifth District, in favor of the defendants.

Action to recover $650, for fraudulent representations whereby defendants, real estate brokers, induced plaintiff to sell a contract which he held for the sale of real property and to pay defendants $500 as commission on the deal. The amount sought to be recovered as damages for the fraud was the commission paid, plus the sum of $150 paid by plaintiff as necessary counsel fee as a result of the fraud. On the trial the complaint was amended so as to add a second cause of action for money had and received to the extent of $500.

*Jerome M. Schwartz*, for the appellant.

*Frederick T. Davies*, for the respondents.

PER CURIAM.  Judgment unanimously reversed upon the law, and new trial granted, with thirty dollars costs to the appellant to abide the event.

From the testimony offered by plaintiff the jury could have found that the defendant, a broker, procured a person to take an assignment of a contract to purchase real estate made by plaintiff with one Johnson; that, before plaintiff executed the assignment and paid defendant his commission, a check was offered to plaintiff by the proposed assignee, which check was not that of the latter, but of a third person; that plaintiff said he did not know anything about the party giving the check; that thereupon defendant said, of and concerning the proposed assignee, that she owned her own home, had done a lot of business before the boom, and " has more money than she knows what to do with; " that thereupon plaintiff took the check, gave the assignment, and paid defendant's commission; that thereafter the check could not be certified because of insufficient funds, and payment was stopped; that the assignee had not the funds to pay; that defendant's only knowledge of her financial ability was from two prior deals.

If the jury believed the testimony, they could have found that defendant represented that the proposed assignee was financially able to pay the price agreed for the assignment (*Hadcock* v. *Osmer*, 153 N. Y. 604; *Andrews* v. *Jackson*, 168 Mass. 266; 47 N. E. 412; *Einstein, Hirsch & Co.* v. *Marshall*, 58 Ala. 153); that plaintiff had not accepted the check of the third person as full, but only as conditional, payment of the obligation of the proposed assignee, relying on the financial ability of the assignee; and that defendant recklessly made the representation which induced plaintiff to pay the commission.  (*Hadcock* v. *Osmer, supra.*)

If the jury should find there was fraud on the part of defendant, then he could not complain, if plaintiff and the assignee rescinded the contract between them.  Plaintiff had the right to reduce his damage by regaining the contract, if the assignment was made because of defendant's misrepresentation.

It was error to refuse to permit the plaintiff to show he was surprised by the testimony of Mrs. Kroops as to what property she owned at the time of the alleged misrepresentation.  (*People* v. *Purtell*, 243 N. Y. 273, 280.)  While the plaintiff could not have impeached the testimony of his own witness, he was entitled to refresh her recollection.  It was not reversible error to exclude the questions as to her supposed hostility before she had been examined on any matters in dispute.  Neither was it reversible error to refuse to permit her to be recalled after the motion was granted, for she had been on the witness stand twice.

Since a retrial is ordered, it should be noted that the moneys expended for counsel fee in procuring the reassignment of the contract are not a proper element of damages in this case.

Present — CROPSEY, MACCRATE and LEWIS, JJ.