Sanborn, J.
This is an action of contract to recover for alleged breach of warranty in connection with certain paint products purchased from the defendant by the plaintiff. The defendant’s answer is a general denial, election of remedies, and accord and satisfaction. At the trial there was evidence tending to show the plaintiff had a contract for sealing and painting a cement floor in a building known as “Anchor Inn” situated a short distance from the bay at Wollaston Beach, and that he went to the defendant’s place of business and inquired if it sold “Swan Treatment”, a process used in connection with the sealing of *400 cement and which process the plaintiff had successfully used in private dwellings; that an employee of the defendant advised the plaintiff it did not have “Swan Treatment”, but a product equally as good; that the plaintiff upon the recommendation of the defendant’s employee purchased the cement sealer, some color plaint, and a quantity of zinc sulphate with which to wash the floor preparatory to applying the cement sealer; that the plaintiff prepared the cement surface and applied the sealer and color paint as advised by the defendant’s employee and also washed the floor with gasoline; that after the floor was painted, water came through the cement causing the paint to lift. A second trial produced the same result.
There was evidence that the defendant offered to cancel its entire charge against the plaintiff if the latter would return the unused paint and this was done, but in doing so, the plaintiff testified he had not intended to settle his claim against the defendant, but did not testify that he disclosed to the defendant his intention not to settle his claim.
The Court found the defendant had expressly warranted its cement sealer, that there had been a breach of warranty, and there had been no accord and satisfaction and made a finding for the plaintiff.
General Laws, Chapter 106, Section 14, provides: “Any affirmation of fact or any promise by the seller relating to the goods, is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if he purchases the goods relying thereon. No affirmation of the value of goods, nor any statement purporting to be a statement of the seller’s opinion only, shall be construed as a warranty. ’ ’
Any express warranty in the case before us must be based wholly and solely on the fact as stated in the report, that the plaintiff went to the defendant’s place of business and *401 inquired if it sold “Swan Treatment” and was told by an employee of the defendant that it did not have “Swan Treatment” but a product equally good. This statement by the employee which we assume he had at least implied authority to make, was nothing more than “seller’s talk”, “puffing of his wares”, or an expression of opinion which does not constitute a warranty. Parker vs. Moulton, 114 Mass. 99, Belcher vs. Costello, 122 Mass. 189, Roland vs. Brownell, 131 Mass. 138, Demimg vs. Dowling, 148 Mass. 504, Ireland vs. Louis K. Liggett Co., 243, Mass. 243, Williston, Sales, Section 202. G. L. Ch. 106 Sec. 14.
There was error therefore, in denying the defendant’s first request. It is unnecessary to consider the questions raised by the other rulings. The defendant is entitled to a new trial. So ordered.