SIMEON STUBBS *vs.* RUFUS A. JOHNSON.

Suffolk.    March 11. — July 26, 1879.    MORTON & ENDICOTT, JJ., absent.

It is a question for the jury whether a representation as to a person's financial ability to pay a debt is made as a matter of opinion or as a matter of fact.

If a defendant asks the judge to rule that, upon all the evidence, the plaintiff is not entitled to recover, and excepts to the rulings of the judge so far as not in accordance with the instruction asked, all the instructions given on this point are open to him on his exceptions.

COLT, J.    This is an action of tort. The plaintiff in his declaration charges the defendant with several false and fraudulent representations, by means of which he alleges that he was induced to part with his property in exchange for a note against another person, secured by mortgage on real estate, and then owned and held by the defendant.

At the trial, only two of these representations were treated by the court as material or actionable ; one was the statement that $400 had been paid on the note to the defendant ; and the other, the statement that the note was as good as gold, and would be paid at maturity. As to the first of these, the jury were told that the statement was an averment of an existing fact in reference to the note, within the knowledge of the defendant, and was therefore a material and actionable represen

tation. As to the other, they were told that the part of it which expresses the belief that the note would be paid at maturity was not material, because it was the expression of an opinion as to a future event, and was important only as tending to show what was meant by the phrase "as good as gold." They were further instructed, that if, by the whole statement, the defendant intended only to express the opinion that the note was a good note, then the representation was not actionable; but, on the other hand, if the defendant intended to represent that the maker of the note was a man of financial ability to pay, then it would be a representation of a material fact, which the defendant asserted to be true on his own knowledge, and an actionable representation; and they were accordingly directed to find whether the statement was a mere expression of opinion about the note, or a representation of the financial ability of the maker of the note.

But the test thus stated by the learned judge we think had a tendency to mislead the jury upon the question before them, because a representation as to a man's financial ability to pay a debt may be made either as a matter of opinion, or as a matter of fact; the subject of the statement does not necessarily determine which it is.

It is often impossible to determine, as matter of law, whether a statement is a representation of a fact, which the defendant intended should be understood as true of his own knowledge, or an expression of opinion. That will depend upon the nature of the representation, the meaning of the language used, as applied to the subject-matter, and as interpreted by the surrounding circumstances, in each case. The question is generally to be submitted to the jury. Thus in *Belcher* v. *Costello*, 122 Mass. 189, where similar representations were made, it was held erroneous to instruct the jury that, if the defendant intended to represent, and give the plaintiff to understand, that the makers of the note were in good pecuniary circumstances and able to pay, such a representation would be of a fact, and, if false and fraudulent, would be actionable. See also *Teague* v. *Irwin*, *ante*, 217, and cases there cited.

The defendant, upon all the evidence, asked the judge to rule that the plaintiff was not entitled to recover in this action, and

excepted to the ruling and instructions of the court so far as not in accordance with the instruction asked.    This gives the defendant the right to object to all the instructions given upon this point.                                                   *Exceptions sustained.*

*E. Avery & E. M. Johnson*, for the defendant.

*E. T. Buss*, for the plaintiff.