SUSIE A. MARSHALL, Appellant, *v.* SIMON SEELIG, Respondent.

*Representations to induce a person to enter into a business — when a question is presented for the jury, whether they refer to existing facts or are mere opinions.*

Where a member of a firm doing business in Helena, Arkansas, for the purpose of inducing a woman residing in New York city to take charge of a department in its store, makes representations to her concerning the population of the city, its sanitary condition and the nature of the climate, the pecuniary ability of the inhabitants, the nature of the help which she could secure and

the compensation which she would be required to pay for such help, and the living accommodations which she could secure, it is, at least, a question for the jury whether such representations referred to existing facts, or were mere expressions of an opinion or promissory in their nature.

APPEAL by the plaintiff, Susie A. Marshall, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 27th day of January, 1900, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term.

The complaint was dismissed upon the ground that it did not state facts sufficient to constitute a cause of action.

*Arnon L. Squiers,* for the appellant.

*Jesse S. Epstein,* for the respondent.

INGRAHAM, J.:

The action was brought to recover damages for fraud, the complaint alleging that the defendant, with intent to deceive the plaintiff and to induce her to enter into an agreement whereby the plaintiff agreed to take charge of and manage a dressmaking department to be opened in connection with the store of Seelig, Bruen & Co. at Helena, Ark., falsely and fraudulently made certain representations to the plaintiff, which representations were alleged to be false and untrue to the knowledge of the defendant. Upon the case coming on for trial, counsel for the defendant moved to dismiss the complaint on the ground that no cause of action was alleged. The motion was granted and the complaint dismissed.

It is sought to sustain this dismissal upon the ground that none of the representations made by the defendant were representations of fact, but were either matters of opinion or were promissory in their nature and had respect to the development of the future rather than the representation of existing facts. In considering the nature of the representations made, it is necessary to bear in mind the nature of the contract which the plaintiff was induced to enter into, the situation of the parties and their means of knowledge as to the truth of the representations made. The complaint having been dismissed before evidence was offered, the question whether it states facts

sufficient to constitute a cause of action must be treated as though the complaint had been demurred to.

If, under the complaint, proof of any facts would have been admissible which would have entitled the plaintiff to a verdict, then the dismissal of the complaint was error and the plaintiff should have been allowed to give evidence to support the cause of action alleged. Here we have a person, representing himself to be a member of a firm doing business in a distant State, applying to the plaintiff in the city of New York to take charge of a portion of the business of the firm of which the defendant was a member, for which the plaintiff was to receive, as compensation for the services rendered, the amount received for the work done in the department of which she was to have charge, and a commission on all goods sold in the store for such department. To induce the plaintiff to enter into such a contract, which would require the plaintiff to reside in the city in which the defendant resided, the defendant made certain representations as to the locality in which the business was to be conducted, consisting of a statement as to the number of inhabitants of the city, the pecuniary ability of the inhabitants to employ the plaintiff, the nature of the help that the plaintiff could secure in such city for the work she had to do in such department, the compensation that she would be required to pay to such help, the living accommodations that the plaintiff could procure for herself in such city, the nature of the climate and the sanitary condition of the city in which the plaintiff would be compelled to live. Considering the nature of the representations made and the object for which they were made, with the situation of the parties at the time, we think that these were representations of existing facts which would be sufficient to support the plaintiff's cause of action. While it is somewhat difficult to discriminate between representations which are solely matters of opinion and representations as to existing facts, where a person who evidently has the facilities of knowing what he alleges to be true states to a person who has no such facilities that a certain condition exists, he must be presumed to represent that he has knowledge of the facts upon which the existence of such condition depends, and that the condition that he states to exist does in fact exist. Whether or not the climate of a particular locality is " very healthy," and whether the population of a city is from 7,000

to 10,000, of whom a large percentage are wealthy, represents an existing condition which is not solely a question of opinion. It is true that persons may have a different standard by which the health of a city is to be determined; but, at the same time, representations of this character relate to facts rather than to opinions, and, when made by a resident of the city referred to, to induce the resident of another city to enter into a contract which involves the residence of the person to whom the representations were made in the city about which the representations are made, there is at least a question for the jury as to whether or not it was intended by the person making the representations to refer to the existence of a condition which depended upon facts which must exist to render the representations true. It may be said that the representations were conclusions to be drawn from facts which must necessarily be true to render the statement as a whole true; but, alleging that condition to exist as a fact by one who has means of knowing whether or not such a condition does as a fact exist, it must be presumed that the person making the representations intended to have the person to whom the representations were made believe that he had knowledge of the facts to justify the conclusion and that such facts did exist. We think, therefore, that this complaint alleged facts which entitled the plaintiff to give evidence which, if believed by the jury, would entitle the plaintiff to a verdict, and that the complaint did state a cause of action.

We think that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.