(55 Misc. Rep. 555.)

GANNETT v. INDEPENDENT TELEPHONE CO. OF SYRACUSE et al.

(Supreme Court, Special Term, Onondaga County. August 20, 1907.)

1. TRIAL—OBJECTIONS—TIME.

Where, in a suit to restrain the erection of a telephone pole in a street opposite plaintiff's property, it was assumed by both sides that the street was a city street in a thickly populated district, plaintiff could not for the first time on the argument object that there was no evidence but that the locus in quo, though within the city limits, had the characteristics of a rural highway.

2. EVIDENCE—JUDICIAL NOTICE—POPULATION OF CITIES.

The court will take judicial notice of the census showing the population of a city within the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 17.]

3. MUNICIPAL CORPORATIONS—STREETS—CHARACTER—EVIDENCE.

In a suit to restrain the erection of a telephone pole in a street in front of plaintiff's residence, evidence that the locus in quo was within half a mile of the center of a city having a population of more than 100,000, and in a block 340 to 350 feet long, on which there were seven residences, and that the street was paved with concrete and sustained two street railway tracks, was sufficient to make the street a city street in a thickly populated territory.

4. TELEPHONES—PROPER USE OF STREET—HIGHWAYS.

While the erection and maintenance of a telephone line in a country road between the center and exterior road lines, on property held by the adjoining owner in fee, is an additional burden not within the public use, the erection and maintenance of such line in a city street in front of the premises of an adjoining owner is within the public easement and a proper street use.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, § 6; vol. 36, Municipal Corporations, § 1463.]

5. SAME—FRANCHISES—RIGHT TO USE STREET.

A public telephone company, organized as provided by Transportation Corporations Law, Laws 1890, p. 1151, c. 566, art. 8, obtains its right to use the public easement in streets for the construction and maintenance of its lines directly from the Legislature independent of the ordinances of the city, except such as provide police regulation.

6. INJUNCTION—NOMINAL DAMAGES—DENIAL.

Where, pending suit to restrain a telephone company from erecting a pole in a street in front of plaintiff's premises, in violation of a city ordinance requiring the company's predecessor to place all wires underground, such ordinance was repealed, and a new one passed authorizing the erection of poles in accordance with maps approved by the commissioner of public works, whereupon a map was filed and approved showing the pole in question, which facts were pleaded by a supplemental answer, complainant was no longer entitled to more than nominal damages, which were insufficient to sustain an injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 307.]

Action by George O. Ganett against the Independent Telephone Company of Syracuse and another. Complaint dismissed.

This action was brought by the plaintiff to restrain the Syracuse Telephone Company of Syracuse and its alleged successor, Independent Telephone Company of Syracuse, defendants, from placing a pole and stringing wires in front of the plaintiff's premises on the westerly side of Townsend street, in the city of Syracuse. The plaintiff maintains that the defendants were attempting to act in violation of the express ordinances of the city of Syracuse bearing upon the subject, were in the act of creating a public nuisance to result in special injury to his property in attempting to locate the pole and string the wires, because they had no franchise or consent from the public authorities of the city authorizing their proposed action, and that their proposed action would be an invasion of his property rights. The plaintiff's house and lot are situated on the west side of Townsend street in the city of Syracuse, and he owns the fee to the center of the street in front of his premises, subject to the rights of the public to the use of the street for street purposes. The plaintiff's premises are situated within a half mile of the center of the city of Syracuse, a city of more than 100,000 inhabitants. The defendant Syracuse Telephone Company, a domestic corporation, was organized under article 8 of the Transportation Corporations Law (Laws 1890, p. 1151, c. 566) in the year 1899. The defendant Syracuse Telephone Company established a telephone system in Syracuse with an exchange in 1899, and continued to conduct that system until December, 1905.

In 1896 a certain telephone franchise was granted to Eugene Hughes & Co., which required notices to be filed with the city clerk of intended construction by said company, stating exact location of poles, their dimensions, the height above ground, the number of wires to be suspended thereon, etc., and providing that such construction should not be made until approved by the commissioner of public works or the common council. This franchise became the property of the Syracuse Telephone Company. In 1899 the common council of the city passed an ordinance giving the Syracuse Telephone Company permission to erect poles and string wires in the streets of the city, and requiring, among other things, that the poles should be erected and maintained at such points as least to obstruct the streets or interfere with their usefulness and in suitable places with reference to trees standing in the streets, and requiring the approval of the common council or commissioner of public works of the location and character of the poles, number of wires to be suspended thereon, and the height of the same from the ground, before they should be erected or located. The ordinance contained a reservation of the right to require the company to remove its poles and place its wires underground at any time. On the 7th day of January, 1901, the common council passed an ordinance requiring the company to place its wires underground and not upon poles erected in the streets. June 30, 1905, the defendant Independent Telephone Company was organized under article 8 of the Transportation Corporations Law. It acquired all the capital stock of the Syracuse Telephone Company and made use of its exchange. At that time the Syracuse Telephone Company discontinued the active operation of its plant and has never since operated the same. On or about October 30, 1905, the defendant Independent Telephone Company began the construction of a telephone line on the westerly side of Townsend street, and was engaged in digging a hole on the west side of Townsend street between the center of the street and the plaintiff's house, when this action was brought and a temporary injunction obtained prohibiting the proposed construction in front of the plaintiff's premises. The Independent Telephone Company up to that time had not obtained from the city authorities any consent or direction relating to the proposed construction. On the 11th day of December, 1905, the common council repealed the ordinance of January 7, 1901, requiring the Syracuse Telephone Company to place its wires underground. At the same time the common council passed an ordinance requiring the Independent Telephone Company, as the successor of the Syracuse Telephone Company, to file with the commissioner of public works all applications for permission to erect poles, accompanied with maps showing the proposed location of the poles, authorizing the commissioner of public works, in behalf of the council, to direct the points at which the poles might be erected and maintained, and forbidding the erection of any more poles without compliance with the ordinance.

Thereafter, and on February 16, 1906, the defendant the Independent Telephone Company filed an application and maps showing its proposed construction and the location of the proposed pole in front of the plaintiff's premises, and obtained the consent of the commissioner of public works for such construction. Thereupon the defendants served a supplemental answer, setting forth the repeal of the ordinance of January 7, 1901, and the passage of the said ordinance of December 11, 1905, the filing of the application and map, and the consent of the commissioner of public works above referred to; the court having given permission to serve such supplemental answer upon certain terms. There are two ordinances of the city prohibiting any person from injuring or tearing up any pavement, street, or cross-walk, or digging any hole or trench in any street, without first obtaining permission of the commissioner of public works in writing; and prohibiting any person from erecting any pole in the streets, sidewalks, or public squares of the city, or extending any wire for telephone, telegraph, or electric purposes in or across any street or public square of the city, without permission by ordinance of the common council.

George W. O'Brien, for plaintiff.
A. H. Cowie, for defendants.

DE ANGELIS, J.   The fundamental question in this case is whether or not the use of a city street for the maintenance of telephone poles and wires is a street use. Upon the trial of this cause, it was assumed by both sides that Townsend street was a city street in a thickly populated district. After the evidence was closed, and upon the argument for the first time, the counsel for the plaintiff raised the point that there was no evidence in the case but that the locus in quo, although within the city limits, was sparsely populated and had the characteristics only of a rural highway. In view of the course of the trial, I think it was too late to raise that point; but, beyond this, the court will take judicial notice of the census, which shows the population of Syracuse to be considerably over 100,000. The evidence shows that the plaintiff's residence is within a half a mile of the center of the city; that it is in a block from 340 to 350 feet in length, on which there are seven residences; that the street had been known by the plaintiff for nearly 60 years; that 60 years ago there were but a few houses on the street; that it has been built on since; that the street is paved with a concrete pavement; and that there are two street railroad tracks in the street. I think enough was shown to bring the street within the category of a city street in a thickly populated territory.

The Eels Case (Eels v. American Tel. & T. Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640) establishes the rule of property in this state to be that the maintenance of a telephone line in a country road between the center line and the exterior line of the highway upon property, where the owner holds the fee to the center of the road, is an additional burden, not contemplated by the original dedication of the highway, and not within the scope of the public use. The reasoning of the court in that case has been the subject of considerable criticism; but, in whatsoever light that reasoning may be regarded, that case establishes a rule of property in this state.

But a distinction has been made between city streets and rural roads or highways in respect of the public easement. Whether this distinction is well founded in its last analysis does not require discussion here.

In the present condition of the adjudicated cases, I think I am required to hold that the maintenance of a telephone line in front of the plaintiff's premises on Townsend street is within the public easement and a proper street use. Castle v. Bell Tel. Co., 49 App. Div. 437, 63 N. Y. Supp. 482; Johnson v. N. Y. & Penn. T. & T. Co., 76 App. Div. 564, 78 N. Y. Supp. 598. These cases were both decided in this department, and, while I recognize that there is a distinction between what was actually decided in the cases and the questions arising in the case at bar, the discussion in the two cases which I deem it my duty to accept upholds the contention of the defendants in this case.

It seems to me that, with this proposition settled, the plaintiff can have no private injury to be redressed in this litigation, for it must be conceded that there was no attempt in this case to invade the property of the plaintiff or interfere with any of his private rights. There is no doubt but that telephone companies get their right to the use of the public easement in streets directly from the Legislature, but subject to police regulation by the municipal authorities. Village of Carthage v. C. N. Y. T. & T. Co., 185 N. Y. 448, 78 N. E. 165. I am inclined to the belief that the Independent Telephone Company of Syracuse was engaged in constructing its line in front of the premises of the plaintiff in its own right, and hence was not subject to any of the ordinances affecting the Syracuse Telephone Company. But assuming that the Independent Telephone Company was extending the lines of the Syracuse Telephone Company, and in its right and subject to the restrictions of the ordinances, the rescinding of the ordinance of January 7, 1901, and the filing of the map and the approval of the proposed construction by the commissioner of public works, on the 16th of February, 1906, which the defendants were enabled to prove under their supplemental answer, would leave at most a technical cause of action for trespass with the possible right to the recovery of six cents damages, which would not justify by any possibility the exercise of the injunctive power of the court, or entitle the plaintiff to a recovery in this case. I do not think the general ordinances of the city put in evidence by the plaintiff affect the questions under consideration.

My conclusion is that the complaint be dismissed, and the temporary injunction dissolved; but, in view of the supplemental answer, without costs to any party or parties in favor of any party or parties. Findings may be prepared and submitted.