EDWARD HOBAICA, by ABRAHAM HOBAICA, His Guardian ad Litem, Respondent, *v.* JAMES BYRNE, Appellant.

Fourth Department, March 24, 1926.

**Fraud — action by judgment creditor to recover damages based on alleged fraudulent representations by debtor to pay judgment if it was affirmed and in meantime to retain his property — defendant went into bankruptcy shortly after procuring suspension of supplementary proceedings induced by alleged false representations — damages — measure is amount plaintiff could have recovered from defendant's property limited by amount of judgment and earnings if plaintiff had not delayed action.**

In an action to recover damages based on the alleged fraud of the defendant in falsely representing that if supplementary proceedings on a judgment recovered against him by the plaintiff were suspended during an appeal in which the defendant had not given an undertaking, the defendant would pay the judgment if it was affirmed and in the meantime would retain the property, the measure of damages is not the amount of the judgment that the plaintiff recovered in the original action, but is such an amount limited by the amount of the judgment, as the plaintiff might have recovered on defendant's property at the time of the suspension of the supplementary proceedings and such further amount as the plaintiff might have procured by proper proceedings to apply other earnings or property acquired by the defendant during the period intervening until the appeal was decided, together with such expenses as were legitimately attributable to defendant's conduct, with interest from the time the default occurred.

The defendant's agreement to pay the judgment in so far as it extended beyond his capacity to pay during the period of suspension of proceedings to collect the same was entirely promissory in character and a fraudulent intent may not reasonably be inferred therefrom.

APPEAL by the defendant, James Byrne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 5th day of November, 1924, upon the verdict of a jury for $6,029.83.

*Kernan & Kernan [Warnick J. Kernan* of counsel], for the appellant.

*Lee, Dowling & Brennan [William F. Dowling* of counsel], for the respondent.

DAVIS, J. On May 13, 1922, plaintiff recovered a judgment against the defendant for damages for malpractice. The defendant appealed, but gave no undertaking; and in the following July an execution was returned unsatisfied. An order in proceedings supplementary to execution was subsequently obtained requiring defendant to appear and be examined and restraining him from disposing of his property.

On the examination defendant testified that he was the owner of an automobile valued at $1,200, and certain office equipment worth $3,000. He had some bills owing to him for services. It also appeared that at some time prior to the rendering of the judgment he had a joint account with his wife in a bank, from which account had been paid the sum of upwards of $1,400 in purchasing and improving real estate, and for furnishings, the title to which was taken by his wife. The examination was then suspended and a conversation followed between the defendant and the representatives of the plaintiff in which it was threatened that another execution would be issued and a receiver appointed for the purpose of taking over defendant's property and applying the proceeds thereof on the judgment. The defendant then proposed that, if the plaintiff would refrain from taking such a course, and would extend the time for payment until the decision of the appeal, he would pay the judgment, with costs and interest, if it were affirmed, agreeing that he would not dispose of his property. This was assented to on behalf of plaintiff.

In January, 1923, the judgment was affirmed in this court and a motion for a reargument thereafter denied. (See 205 App. Div. 865; 206 id. 651.)

The defendant refused to pay the judgment, disposed of most of his property, and in March, 1923, filed a voluntary petition in bankruptcy, by which proceedings the defendant was eventually discharged of his debts, including the judgment recovered by plaintiff. The latter did not appear to prove his claim. Nothing was ever collected on the judgment.

The present action is brought alleging that the plaintiff sustained loss and damage by reason of the fraudulent representations made as heretofore stated concerning his intent and purpose to retain his property and pay the judgment. It is the theory of the plaintiff that the defendant for the purpose of deceiving the plaintiff

and preventing his enforcement of an existing right and remedy, intentionally and falsely stated his purpose and intent with the expectation that it would be relied on, as it was; and then without having intended to keep the promise he had made to pay the judgment, disposed of his property, used trumped up and fictitious claims against himself to make it appear he was insolvent, and filed his petition in bankruptcy with the purpose and intent of making it impossible for the plaintiff to collect any part of his judgment.

Such a statement of an intent made with a purpose to deceive, and to induce a party to enter into an agreement, if found as a question of fact to be knowingly false when made, may constitute the basis of an action on the part of a person who relying thereon sustains damage. (*Adams* v. *Gillig,* 199 N. Y. 314; *Ritzwoller* v. *Lurie,* 225 id. 464; *Deyo* v. *Hudson,* Id. 602, 612.)

The jury has rendered a verdict in plaintiff's favor, thereby establishing that defendant made a false statement of a material existing fact as to the state of his mind when he made the promise.

The only question on this appeal requiring consideration is, we think, whether the proper rule for the measure of damages was adopted by the learned trial court in the instructions to the jury on that subject. The rule charged was, that if the plaintiff was entitled to recover he could recover the amount of the judgment with interest from the date of its entry, and the amount of the judgment for costs in the appellate court, with interest on that judgment from its date of entry. The several amounts in figures, with interest computed, and the total sum were stated by the court to the jury with directions to recast the interest, if they found that the court had made a mistake. Their verdict was substantially the same amount as that given in the charge. Prior to the charge the question of the proper rule had not been the subject of discussion between counsel and the court, but after the charge, defendant's counsel took an exception to the instructions to the jury that they could find for the plaintiff in the full amount; and the question was again raised and argued on the motion for a new trial.

We think the rule adopted by the learned court under the circumstances as related was erroneous.

There has been some confusion in the earlier authorities in this State regarding the measure of damages in an action for fraud and deceit. But the present state of the law is that to warrant a recovery in such an action where the other essential elements of a cause of action are present, there must be injury — to wit, some actual loss as a direct result of the wrong to the party bringing the

action. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 176.) The true measure of damage is indemnity for the actual pecuniary loss sustained by reason of the deceit, and does not depend upon the sum which the party would have gained if the representations had been true. (*Reno* v. *Bull*, 226 N. Y. 546; *Foster* v. *DiPaolo*, 236 id. 132; *Smith* v. *Bolles*, 132 U. S. 125; *Sigafus* v. *Porter*, 179 id. 116.)

If defendant had no property and had been, we will say, suffering from an incurable disease without prospects of life, earning power or inheritance of property, then it would not have been possible for the plaintiff to suffer loss, for under those circumstances the judgment would have been uncollectible. What then would plaintiff lose by surrendering the right to an immediate sequestration of defendant's non-exempt property, and the application thereof in payment of the judgment? He obviously lost the value of such property as defendant had disclosed that he owned at the time applicable in satisfaction of the judgment. That property was evidently insufficient to satisfy the judgment in full. He also suspended the right to proceed to apply other earnings or property acquired by defendant during the period intervening until the appeal was decided. If the fact is susceptible of convincing proof that there was such property plaintiff could have reached and applied on his judgment before the promise was repudiated, we are inclined to the view that such loss flowed directly from the deceit. He also was entitled to recover such expenses he incurred as were legitimately attributable to defendant's conduct, with interest from the time the default occurred. (*Sigafus* v. *Porter*, *supra.*)

These elements would measure plaintiff's pecuniary loss and in certain respects at least could be established by reasonably definite proof. On the other hand, after all of defendant's property had been applied in satisfaction of the judgment, a portion thereof might always remain uncollectible and to that extent plaintiff was not injured by relying on the promise. The defendant's agreement to pay the judgment, in so far as it extended beyond his capacity to pay during the period of suspension, *i. e.*, the application of his property in satisfaction of the judgment, was entirely promissory in its character and a fraudulent intent may not reasonably be inferred therefrom. (*Adams* v. *Clark*, 239 N. Y. 403, 410.)

The value of such property owned by the defendant at the time the alleged fraudulent promise was made is a matter of dispute and attention was not given to the question of fixing it with any degree of certainty. The defendant's admission or estimate was

some evidence on the subject, but was not conclusive on either party. With proper instructions, it should have been left for the jury to determine the actual pecuniary loss sustained by plaintiff.

For the reason stated, the judgment and order should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., CLARK, CROUCH and TAYLOR, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.