BAREHAM & MCFARLAND, INC., Respondent, *v.* PATRICK D. KANE, Appellant.

Fourth Department, March 5, 1930.

*Isaac Adler*, for the appellant.

*Clarence W. McKay*, for the respondent.

EDGCOMB, J. This action was brought in the City Court of Rochester, Civil Branch, to recover the unpaid balance of the purchase price of a heating plant, which the plaintiff installed in the residence of defendant. The answer consists of three affirmative defenses by way of counterclaims: (1) That defendant has rescinded the contract, because it was induced by fraud, and is entitled to recover the purchase price paid; (2) that defendant has a cause of action against the plaintiff for breach of an express warranty; (3) that defendant is entitled to recover from the plaintiff the damages which he has sustained by reason of the latter's breach of an implied warranty.

The City Court struck out the second and third counterclaims, upon the ground that they failed to state facts sufficient to constitute a cause of action, but refused to make a similar disposition of the first. The Monroe County Court, on appeal, held that all three counterclaims should be stricken out, and directed judgment for the plaintiff for the amount demanded in its complaint. We are called upon to pass upon the correctness of such ruling.

The first defense alleges that, in order to induce the defendant to purchase the heating plant, the plaintiff falsely and fraudulently represented to the defendant " that said heating plant would adequately and satisfactorily heat the premises owned by defendant * * *, and would give much better heat than coal; that it would heat said building to 70 degrees Fahrenheit in zero weather; that the fuel oil required to produce adequate heat in said building would not cost more than eight per cent to ten per cent in excess of the coal required in the heater then in use upon said premises, and would, in no event, exceed $350 for the season; that the gas for the pilot light would not cost to exceed $1 a month, and that the electricity would not run over $5 to $6 a month, and that the heater would run smoothly and give entire satisfaction." There is an allegation that the plaintiff knew that said representations were false, and that defendant relied thereon in making the purchase.

If, as plaintiff urges, and as the learned County Court has held, these representations are to be construed as nothing more than the opinion of the speaker as to what the heater will do in the future, then, concededly, the first counterclaim cannot be upheld. To constitute actionable fraud, the false representation relied upon

must relate to a past or existing fact, or something equivalent thereto, as distinguished from a mere estimate or expression of opinion. (*People* v. *Peckens*, 153 N. Y. 576, 591; *Sparman* v. *Keim*, 83 id. 245; *Hatton* v. *Cook*, 166 App. Div. 257; *Barbrick* v. *Carrero*, 184 id. 160.)

Neither can the statements complained of be made the basis of an action in fraud, if they are nothing more than a recommendation of the plaintiff's wares. It is common knowledge that dealers are wont to put the best side out, and extol their goods. The public is so familiar with " dealer's talk " that it is generally regarded as a mere expression of opinion, and, where the parties deal on equal terms, is not relied upon to any great extent. (*Arnold* v. *Norfolk Hosiery Co.*, 76 Hun, 15; affd., 148 N. Y. 392.)

No hard and fast rule can be laid down as to what constitutes a fraudulent representation in any particular case. This result, of necessity, depends upon the peculiar circumstances and conditions involved. In cases of doubt, where the statements relied upon are capable of two interpretations, one of which would indicate that they were intended as a positive assertion of some past or present fact, which is susceptible of knowledge, and the other which would signify that they were nothing more than an estimate, opinion, expression of belief, or prophecy of what would occur in the future, the question is one which should be passed upon by a jury.

While the alleged misrepresentations in the case at bar relate to what the heating plant will do when it is installed in defendant's home, it must be remembered that the heater was either in existence at the time the statements were made, or, if it had not actually been assembled and set up, was one of a specified, definite and certain type, which had previously been manufactured and sold, and was not an article which was to be constructed in the future, the characteristics of which were largely conjectural. What was said could easily be understood to relate to the inherent capacity, character and quality of the heater, and what it was actually capable of doing. Giving to it such interpretation, the representations were more than mere " dealer's talk," or a prophecy of what would occur in the future; they were positive statements of existing facts, concerning which the plaintiff had superior and peculiar knowledge. That being so, they could be made the basis of an action in fraud.

The decisions of the courts indicate a disinclination to extend the rule which permits a dealer, in order to sell his wares, to indulge with impunity in statements of opinion, which turn out to be untrue.

In *Case Threshing Machine Co.* v. *Feezer* (152 N. C. 516) the defendant made certain statements as to the quality of the work which a machine would do, and the amount of power required to run it. Whether the representations were fraudulent or not was held to be a question of fact which should be passed upon by a jury.

In *Jones* v. *Brandt* (173 Wis. 539) defendant sought to avoid the payment of a note, given for the purchase price of a dredge, because of certain misrepresentations made by the plaintiff that the machine would properly do the work desired, and was supplied with a kerosene engine of ample capacity to operate all motions, either independently or simultaneously; that it was equipped with traction mechanism sufficient to propel it by means of the power of the engine; that the machine could be set up or taken down in three days. Held, that the mere fact that the statement took the form of an expression of opinion was not conclusive, and that the question of whether it constituted fraud was one for the jury.

In *Maxwell Ice Co.* v. *Brackett, Shaw & Lunt Co.* (80 N. H. 236) it was held that representations by an expert on power, made to one not having equal knowledge as to the amount of energy which standard makes of motors and engines will develop, differ materially from seller's talk or mere expressions of opinion.

In *Schmitt* v. *Ornes Esswein & Co.* (149 Minn. 370) defendant represented that a machine was as good as new, and would afford a sufficient degree of refrigeration to keep meat from spoiling. Held, that the statement related to the natural capacity or power of the machine, and was more than a prediction or expression of opinion, and, if made with knowledge of its falsity, and with intent to deceive, would form the basis of an action for fraud.

In *Fox* v. *Duffy* (95 App. Div. 202) the complaint alleged that, in order to bring about the sale of certain real property, the defendant falsely and fraudulently stated to the plaintiff that " one John Scully, who was then the owner and holder of a certain mortgage on the said premises, would foreclose the same, and that this plaintiff would lose all her interest in the premises, and get nothing for it." This was held to be a statement of fact, rather than an expression of opinion, or a representation concerning some future event.

In *Marshall* v. *Seelig* (49 App. Div. 433) it was held that the jury and not the court was the proper tribunal to determine whether certain representations, including the living accommodations which the plaintiff could procure for herself, and the nature of the help which she could secure, and the compensation which she would have to pay therefor, all of which were made to induce

her to enter into business, referred to existing facts, or were mere expressions of opinion.

In *Whitehurst* v. *Life Ins. Co. of Virginia* (149 N. C. 273) an agent of the defendant read a policy to the plaintiff, and told him that, at the end of ten years, the whole amount paid would be returned with interest. That was not a correct interpretation of the policy. Whether the statement of the agent was intended and received as a mere expression of opinion or a statement of fact was held to be one which should be passed upon by a jury.

In *French* v. *Ryan* (104 Mich. 625) it was held that representations as to the probable earnings of a business in the future were not necessarily expressions of opinion.

In *Stubbs* v. *Johnson* (127 Mass. 219) and *Andrews* v. *Jackson* (168 id. 266) it was held that a jury rather than the court should determine whether a misrepresentation as to one's financial ability to pay a note at maturity was an expression of opinion or a statement of fact.

It has repeatedly been held that where one, for the purpose of inducing another to enter into a contract, represents that he will do a certain thing in the future, when in reality he has no such intention, such false statement is one of an existing fact, and may be made the basis of an action for fraud. (*Adams* v. *Clark*, 239 N. Y. 403; *Adams* v. *Gillig*, 199 id. 314; *Deyo* v. *Hudson*, 225 id. 602; *Hobaica* v. *Byrne*, 216 App. Div. 307.)

The representations in question do not directly relate to the value of the heater, and do not, therefore, come within the rule laid down in *Van Slochem* v. *Villard* (207 N. Y. 587) and *Ellis* v. *Andrews* (56 id. 83), that a false statement of the value of property made by the vendor for the purpose of raising the price will not sustain an action for fraud.

Whether the statements alleged in the answer were mere expressions of opinion or predictions of what the heater would do when installed, or whether they were an affirmation of facts to be relied upon, was, in our opinion, a question of fact to be determined by the jury. If that is so, the first counterclaim should not have been stricken out.

What has been said concerning the representations of plaintiff, and any fraud on its part, has been said upon the assumption that all the defendant has alleged in relation thereto is actually true. We have taken these allegations at their face value. We must do that on a motion of this character. When it comes to the trial of the action, an entirely different picture may be presented. It is one thing to make an allegation; it is another to prove it. We are not concerned at this time with any difficulty which the defend-

ant may encounter in proving his counterclaim. By what has been said we do not intend to pass upon the question of fraud as it may be presented on the trial.

The competency of the alleged oral statements, tending to establish false representations which induced this contract, cannot be questioned. The rule that all oral conversations are merged in a written contract does not apply. Neither does the provision in the contract, to the effect that the agreement is not to be limited or qualified by any other promise, change the situation. If it were otherwise, a defrauded party would be powerless to give any evidence of representations which induced a contract. Defendant is not relying upon the agreement; he is not seeking to recover damages for its breach; he is claiming that there was no meeting of the minds because of plaintiff's fraud, and consequently no contract. (*Adams* v. *Gillig*, 199 N. Y. 314; *Bennett* v. *Burch-Buell Motor Corp.*, 221 App. Div. 517.)

In the second counterclaim defendant alleges that the statements heretofore detailed constitute an express warranty, and that they were false, and that he was damaged thereby.

The trouble with this defense is that the defendant is not in a position to prove any of the facts upon which he relies. Assuming that all he says is true, he cannot give any evidence to support his allegations.

As above noted, the contract is in writing. It is devoid of any express warranty; it does not contain any of the statements of which defendant complains. If there was any warranty, it was contained in some oral statement made prior to the execution of the agreement. An express warranty cannot be imported into a written contract by parol evidence. Furthermore, the contract contains the following provision: " It is further understood and agreed that no other agreement, oral or written, express or implied, shall limit or qualify the terms of this contract." The agreement is complete on its face, and its terms are neither obscure nor ambiguous. Evidence relating to any oral statements, warranting what this heater would do, would be objectionable under the well-recognized rule that a complete written document cannot be contradicted, altered, added to or varied by parol or extrinsic evidence. (*Studwell* v. *Bush Co.*, 206 N. Y. 416; *Lese* v. *Lamprecht*, 196 id. 32; *House* v. *Walch*, 144 id. 418; *Eastman* v. *Britton*, 175 App. Div. 476.)

Defendant could never prove this alleged defense, and the court very properly held that it was unavailing.

This brings us to a discussion of defendant's third counterclaim. Appellant claims that, by reason of the provisions of sub-

division 1 of section 96 of the Personal Property Law (as added by Laws of 1911, chap. 571, known as the Sales of Goods Act), there is an implied warranty on the part of the plaintiff that the heater was reasonably fit for the purpose for which it was purchased.

We think that the facts bring this case within the provisions of subdivision 4 of section 96 of the Personal Property Law, which provides that, where a specified article is sold under its patent or trade name, there is no implied warranty as to its fitness for any particular purpose. The contract here under consideration calls for a " No. 52 Therm-Oil Heating Equipment, manufactured by Kellogg Mfg. Co." This constitutes a sale of a specific article under a trade name within the meaning of subdivision 4 of section 96 of the Personal Property Law. (*Empire Cream Separator Co.* v. *Quinn*, 184 App. Div. 302; *Sure Seal Co.* v. *Loeber*, 171 id. 225.)

It, therefore, becomes unnecessary to discuss the question of whether defendant did not waive all damages for breach of an implied warranty, in view of the provision of the contract which provides that no other agreement, express or implied, should limit or qualify its terms.

The court below was right in striking out this third affirmative defense.

The judgment of the County Court should be reversed on the law and the order of the City Court affirmed, with costs in this court only.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment of County Court reversed on the law and order of the City Court affirmed, with costs in this court only.