HARRY DUCKMAN, Appellant, v. STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Respondent.— Order denying resettlement reversed on the law, with ten dollars costs and disbursements, and motion granted to modify the judgment by striking out the phrase "on the merits" and judgment as so modified affirmed, without costs.   Memorandum: We think the accident in question fell within the exclusions contained in subdivision 2 of paragraph V of the policy and that the language of subdivision 2 is free from ambiguity.   Under these circumstances plaintiff's complaint was properly dismissed but the dismissal should not have been upon the merits.   We are convinced that the plaintiff cannot maintain his action on the policy as written.   All concur, except Cunningham, J., who dissents and votes to reverse the judgment of the Monroe County Court and affirm the judgment of the Rochester City Court on the ground that the exclusion clause relied upon was ambiguous and indefinite and the intention of the parties should be determined upon the trial.   (The judgment of the Monroe County Court reverses an order of the Rochester City Court, Civil Branch, denying defendant's motion for judgment on the pleadings and for summary judgment, and grants the motion, in an action under a liability insurance policy.   The order denies plaintiff's motion for resettlement of the judgment.)   Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

RED STAR EXPRESS LINES OF AUBURN, INC., EQUITABLE INSURANCE ALLIANCE, Appellants, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.   (Consolidated Action.) — Judgment and order affirmed, with costs on the authority of *Pascal* v. *Pascal* (254 App. Div. 807, and cases therein cited).   All concur.   (The judgment is for defendant in a railroad negligence action.   The order denies a motion for a new trial.)   Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

LEONARD PAYNE, Respondent, v. MAX SCHOLNICK, Appellant.— Judgment affirmed, with costs.   Memorandum: The evidence establishes that the defendant falsely and fraudulently induced the plaintiff to leave his position and to accept employment with the defendant's company on the assurance that the defendant was going to stay in business when the defendant well knew that he was not and that he intended to sell the business at the earliest opportunity and that, if he sold the business, plaintiff would sustain serious damage through the fraud practiced upon him.   In breach of his assurance the defendant sold the business and discharged the plaintiff shortly after plaintiff entered upon his employment.   The fraudulent transaction was of such character as to give to the plaintiff a right of action for damages.   (See *Adams* v. *Gillig*, 199 N. Y. 314; *Hobaica* v. *Byrne*, 216 App. Div. 307.)   Upon the proof we are unable to say that the damages awarded to the plaintiff were more than sufficient to indemnify him for the actual pecuniary loss sustained by reason of the deceit practiced upon him by the defendant.   All concur.   (The judgment of the Monroe County Court affirms a judgment of the Rochester City Court, Civil Branch, in favor of plaintiff in an action under a contract.)   Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.