RANDY KNITWEAR, INC., Respondent, *v.* AMERICAN CYANAMID COMPANY et al., Defendants, and FAIRTEX MILLS, INC., Appellant.

First Department, December 18, 1958.

*Sidney Fox* of counsel (*Arthur E. Blyn* with him on the brief; *Fish & Fox,* attorneys), for appellant.

*Jerrold M. Sonet* of counsel (*Levy & Sonet,* attorneys), for respondent.

*Donovan Leisure Newton & Irvine* for American Cyanamid Company, *amicus curiæ.*

*Per Curiam.* The plaintiff, Randy Knitwear, Inc., entered into a series of 121 contracts for the purchase of specified textiles, which were delivered to it in New York over a period of several months. It made payment for the goods, except that a proportionately small unpaid balance remained for which the defendant, Fairtex Mills, Inc., counterclaims.

In its cause of action asserted against Fairtex Mills in the amended complaint, the plaintiff alleges breaches of express and implied warranties.

After joinder of issue, Fairtex Mills, Inc., moved for summary judgment.

The learned court at Special Term based its denial of the application upon two grounds: first, that there was a triable issue as to whether the laws of New York or of Pennsylvania applied to the contracts which are the subject matter of the litigation; second, that " there may be an issue as to the meaning of the phrase ' Cyana Shrinkage Control ' ".

The Court of Appeals in *Auten* v. *Auten* (308 N. Y. 155, 160) adopted the " 'center of gravity ' " or " ' grouping of con-

tracts ' " theory of the conflict of laws which lays emphasis upon the law of the State " ' which has the most significant contacts with the matter in dispute ' " rather than the place of the making or the performance of the contract. Applying that test to the undisputed facts in this case, we must conclude that no triable issue is presented in that regard and that New York law must be applied.

Even under the traditional theory, the same result would follow, for the law of the forum that governs performance under the contract must be applied in questions arising from an alleged breach of the agreement (see *Zwirn* v. *Galento*, 288 N. Y. 428, 433; *Swift & Co.* v. *Bankers Trust Co.*, 280 N. Y. 135, 141; *United States Mtge. & Trust Co.* v. *Ruggles*, 258 N. Y. 32, 38; *Richard* v. *American Union Bank*, 241 N. Y. 163, 166; Restatement, Conflict of Laws, §§ 332, 358, 370).

The record indicates that all the significant contacts in connection with these agreements were in this State. The plaintiff is located in New York City and the defendant is licensed to do business and maintains an office in this State. The contracts were negotiated in this city and provide for payment here. Delivery and acceptance of the goods and payment therefor took place in this city. The only item of importance pertaining to the making of the contracts was the requirement for final approval at the defendant's home office in Pennsylvania. This single factor would be insufficient for a holding that the laws of the State of Pennsylvania control. (See *Wilson* v. *Lewiston Mill Co.*, 150 N. Y. 314, 322, 323.)

The nub of the plaintiff's claim is that the merchandise was warranted against shrinkage and that the defendant did not fulfill that commitment. All of the contracts contain a notation reading " Cyana Shrinkage Control " and the plaintiff contends that this term imports both express and implied warranties. The complaint affirmatively alleges that " Cyana " is the registered trade name of a textile finishing process manufactured by the defendant, American Cyanamid Company. We find no substance to the contention that the term is ambiguous.

The pleadings, and the affidavits submitted in opposition to the motion, furnish no substantial competent proof as to any express warranties sufficient to create a triable issue. On the contrary, the contracts negate the existence of such warranties by providing that: " The Seller makes no warranty of fitness of the goods for a specific purpose unless otherwise expressly stated herein." (See *Bareham & McFarland* v. *Kane*, 228 App. Div. 396, 401.)

The recovery sought against Fairtex Mills, Inc., is also predicated upon the claim that the merchandise purchased by the plaintiff was impliedly warranted against shrinkage. The Personal Property Law (§ 96, subd. 4) is an effective bar to the claim of implied warranties. That section explicitly states: "In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

Moreover, the agreements provide in part: "seller does not guarantee the goods against shrinkage." (See *Bareham & McFarland* v. *Kane, supra,* pp. 401–402.)

The order should be reversed on the law, and the defendant's motion for summary judgment granted, with costs to appellant.

BOTEIN, P. J., BREITEL, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, and the defendant's motion for summary judgment granted, with $10 costs, and judgment is directed to be entered in favor of defendant, Fairtex Mills, Inc., dismissing the amended complaint, with costs.