■ WILBUR E. DOW, JR., Respondent, v. INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant.

*Per Curiam.* The complaint contains five causes of action. It alleges that in March of 1956 the parties entered into an agreement whereby the defendant sold and the plaintiff purchased a pilot model for a ship's telegraph recorder, together with the pertinent patents, plans and specifications for the same, for the sum of $15,000, $1,000 of which has been paid.

The first cause of action seeks rescission of this contract. The third cause of action seeks damages for fraud in inducing the contract. The basis of these causes of action is a representation alleged to have been made to the effect that the model was suitably designed for manufacture by other manufacturers of similar equipment and fully marketable as such without the need of further redesigning or re-engineering.

It is further alleged that the representation was false in that the model was composed of outmoded components designed and manufactured only by the defendant. Attached to the complaint is the contract of sale and purchase. The difficulty with plaintiff's position is that the claim of falsity does not come within the claimed representation. As stated, all that was represented to the plaintiff was that the recorder could be manufactured by manufacturers other than the defendant without the necessity of redesigning. As the instrument is composed of various parts, this would mean that a manufacturer would either have to procure or make the necessary parts. Defendant never obligated itself to make or supply these parts; nor did it represent that any other manufacturer was then producing such parts. What it did represent was that these parts composed a working machine on which no improvements to make it work were required. It must be obvious that, as the machine was patented, it was composed of parts that were in some way distinctive and novel and differed from such as might be readily purchasable. When the plaintiff made the purchase, his ability to produce the machine would depend on his making or finding a manufacturer to make parts of the kind contained in the machine. The language of the representation cannot be tortured into a statement to the effect that

the plaintiff would be able to find such a manufacturer or that the defendant would agree to supply him with those parts.

The second and fourth causes of action are similarly for rescission and are based upon another representation. It is alleged that the defendant represented that it was going out of the business of manufacturing machines for marine use and was going to concentrate on the making of business machines. While it is not disputed that defendant intended to and did do this, it is alleged that the defendant concealed the fact that it was selling this branch of its business to another concern. We are not able to see how this distinction in any way affects the contract in question. Whether defendant was selling its business or ceasing it entirely, it was clearly disposing of this particular item, and whether the balance of its items were being sold individually, discontinued without sale, or sold as a unit could have no effect on the plaintiff's purchase, as such concealment is not shown to have been something upon which plaintiff could have relied in the making of the contract.

The fifth cause of action is for breach of warranty based upon unfitness of the model for the use for which it was intended, namely, for production. This cause of action is subject to exactly the same deficiencies as the preceding causes of action.

Defendant counterclaims for the balance of the purchase price. Aside from the contentions of the complaint, there is no defense to this claim. This clearly appears from the plaintiff's own writings. For more than two years he sought, with full knowledge of the situation, to interest various manufacturers in making the parts in question. It was only when his efforts proved unsuccessful that he sought to resist defendant's requests for payment on the contract.

The order denying the defendant's motion to dismiss the complaint and for summary judgment on the counterclaim is reversed, and the motion is granted, with costs, for the relief demanded in the counterclaim.

Breitel, J. P., and Eager, J. (dissenting). Order entered June 28, 1960, should be modified, on the law and on the facts, to grant defendant's motion for summary judgment dismissing the second and fourth causes of action and otherwise affirmed, without costs. We dissent insofar as this court would dismiss the first, third and fifth causes of action. In our opinion, they are sufficient on the face thereof and there are triable issues with respect thereto which may not be resolved on a motion for summary judgment. To support the first and third causes of action it is alleged that the defendant represented that the "pilot model of a certain Ship's Telegraph Recorder (accompanied by pertinent patents, plans and specifications) * * * was fit for a particular purpose; specifically, that said pilot model (accompanied by said patents, plans and specifications) was suitably designed for manufacture by other manufacturers of similar equipment and fully marketable as such without the need of further redesigning and re-engineering." The opinion of the majority would unduly limit the scope and effect of the alleged representations of defendant. According to such opinion, " all that was represented to the plaintiff was that the recorder could be manufactured by manufacturers other than the defendant without the necessity of redesigning"; and that what defendant did represent was that the various parts of the model " composed a working machine on which no improvements to make it work were required." In our opinion, however, the representations, as alleged, are not to be so limited as a matter of law, that is, bearing in mind, as we should, the nature of the agreement alleged to have been induced thereby, the relationship of the parties, and all the circumstances. The representations are construable as statements by the defendant to the effect that the particular device was of such design that it could readily be manufactured by other manufacturers of similar equipment and that it was a

marketable product without need of changes in design or engineering. If, as stated by plaintiff, the defendant knew that the model was "substantially composed of outmoded components designed and manufactured only by defendant for use in its other sales lines, and that obsolescence, monopoly of key parts and the need for re-designing and re-engineering rendered the Recorder unmarketable among other manufacturers of similar equipment", then, there is a basis for plaintiff's allegations of fraud. As we have construed the representations, they would be actionable. Under the peculiar circumstances and conditions involved, they are not to be construed as a matter of law as mere expressions of opinion or limited as a matter of law to the scope given to them by the majority. In case of doubt as to how they were intended and understood, the question would be for the trier of the facts. (See 37 C. J. S., Fraud, § 124; *People* v. *Peckens,* 153 N. Y. 576, 591; *Bareham & McFarland* v. *Kane,* 228 App. Div. 396.) Furthermore, in our opinion, under the allegations of the fifth separate and distinct cause of action, there would be an implied warranty that the pilot model with accompanying patents, plans and specifications was fit and proper for the purpose for which it was designed, namely, a ship's telegraph recorder. Consequently, a showing that this model was composed of outmoded components designed and manufactured only by defendant for use in other sales lines, with the need for redesigning and re-engineering to render the same marketable, would establish a breach of the warranty.

Stevens, Steuer and Noonan, JJ., concur in Per Curiam opinion; Breitel, J. P., and Eager, J., dissent in memorandum.

Order entered on June 28, 1960, denying defendant's motion to dismiss the complaint and for summary judgment on the counterclaim, reversed, on the law and on the facts, with $20 costs and disbursements to the appellant and the motion granted, with $10 costs, for the relief demanded in the counterclaim. [See 14 A D 2d 861.]