(November 22, 1961)

(Republished.)

WILBUR E. DOW, JR., Respondent, v. INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant.—

Opinion *Per Curiam.* Concur — Stevens, Steuer and Noonan, JJ.; Eager, J., dissents in part in the following memorandum in which Breitel, J. P., concurs: Order entered June 28, 1960, should be modified, on the law and on the facts, to grant defendant's motion for summary judgment dismissing the second and fourth causes of action and otherwise affirmed, without costs. We dissent insofar as this court would dismiss the first, third and fifth causes of action. In our opinion, they are sufficient on the face thereof and there are triable issues with respect thereto which may not be resolved on a motion for summary judgment. To support the first and third causes of action it is alleged that the defendant represented that the " pilot model of a certain Ship's Telegraph Recorder (accompanied by pertinent patents,

plans and specifications) \* \* \* was fit for a particular purpose; specifically, that said pilot model (accompanied by said patents, plans and specifications) was suitably designed for manufacture by other manufacturers of similar equipment and fully marketable as such without the need of further re-designing and re-engineering." The opinion of the majority would unduly limit the scope and effect of the alleged representations of defendant. According to such opinion, "all that was represented to the plaintiff was that the recorder could be manufactured by manufacturers other than the defendant without the necessity of redesigning"; and that what defendant did represent was that the various parts of the model "composed a working machine on which no improvements to make it work were required." In our opinion, however, the representations, as alleged, are not to be so limited as a matter of law, that is, bearing in mind, as we should, the nature of the agreement alleged to have been induced thereby, the relationship of the parties, and all the circumstances. The representations are construable as statements by the defendant to the effect that the particular device was of such design that it could readily be manufactured by other manufacturers of similar equipment and that it was a marketable product without need of changes in design or engineering. If, as stated by plaintiff, the defendant knew that the model was "substantially composed of outmoded components designed and manufactured only by defendant for use in its other sales lines, and that obsolescence, monopoly of key parts and the need for re-designing and re-engineering rendered the Recorder unmarketable among other manufacturers of similar equipment", then, there is a basis for plaintiff's allegations of fraud. As we have construed the representations, they would be actionable. Under the peculiar circumstances and conditions involved, they are not to be construed as a matter of law as mere expressions of opinion or limited as a matter of law to the scope given to them by the majority. In case of doubt as to how they were intended and understood, the question would be for the trier of the facts. (See 37 C. J. S., Fraud, § 124; *People* v. *Peckens,* 153 N. Y. 576, 591; *Bureham & McFarland* v. *Kane,* 228 App. Div. 396.) Furthermore, in our opinion, under the allegations of the fifth separate and distinct cause of action, there would be an implied warranty that the pilot model with accompanying patents, plans and specifications was fit and proper for the purpose for which it was designed, namely, a ship's telegraph recorder. Consequently, a showing that this model was composed of outmoded components designed and manufactured only by defendants for use in other sales lines, with the need for redesigning and re-engineering to render the same marketable, would establish a breach of the warranty. [See 14 A D 2d 756.]